TACIE McD. HARPER, Appellant, v. LILLIE DOWDNEY et al., as Administrators, etc., Respondents.

No tax or assessment is a lien or incumbrance within the meaning of a covenant against them until the amount thereof is ascertained or determined.

Where, therefore, prior to the execution and delivery of a deed of premises in the city of New York containing such a covenant, the work of paving a street had been completed by the city pursuant to an ordinance of the common council duly passed and the expense of the work paid by the city, but the apportionment of the amount upon the persons and property benefited was not made until thereafter, when a proportion thereof was assessed upon the premises conveyed and was paid by the grantee. *Held*, that an action upon the covenant to recover the amount so paid was not maintainable.

(Argued March 22, 1889; decided April 16, 1889.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, made February 20, 1888, in favor of defendant, entered upon an agreed case submitted under section 1279 of the Code of Civil Procedure.

The facts submitted were, in substance, these : In December, 1881, the common council of the city of New York duly passed an ordinance pursuant to its charter (Chap. 335, Laws of 1873), see, also, Consolidation Act (Chap. 404, Laws of 1883), that a specified portion of Fifth avenue be paved with granite block, and that for a more speedy execution of the work it be done by the city. The work was completed in November, 1882, and in December of that year the commissioner of public works certified the amount of the expenses and that the work had been completed and accepted, and in January, 1883, the contractor was duly paid by the city. In April, 1883, defendant's intestate conveyed to plaintiff certain premises by deed, containing a covenant that they were free, clear and discharged of all " charges, * * * taxes, assessments and incumbrances," excepting a mortgage specified. In November, 1883, an apportionment of the expenses of the improvement was made and $964.30 thereof was assessed upon the premises conveyed, which was paid by plaintiff. The

question was as to whether the facts constituted a breach of the covenant.

The following is the *mem.* of opinion :

" Facts substantially like those presented in this case, so far as the assessment proceedings are concerned, were brought before us by Abraham Dowdney in his action against the city of New York (54 N. Y. 186), and upon similiar covenants they raised the same question of law. The Supreme Court was of the opinion that the covenants gave no right to the relief sought, and so far this court agreed, but upon other circumstances of the case, admitted by demurrer, the courts differed and the plaintiff action was maintained. Those circumstances do not exist here, and the principle enunciated by both courts, in deciding the first point, was not, as the appellant's counsel supposes, ' *obiter*,' but essential to the decision then made. The rule there declared is easily understood and plain in its application. It was held that no tax or assessment could exist so as to be a lien or incumbrance within the meaning of a covenant against them until the amount thereof should be ascertained or determined. To the same effect is our decision in *Lathers* v. *Keogh* (109 N. Y. 583). In the case at bar this was not done until November 27, 1883, when the apportionment was made and the assessment imposed upon the premises. The contract was merged in the deed, and the deed was executed and delivered in April preceding this apportionment. There was, therefore, neither a breach of contract nor of the covenant.

" Consequently, the appeal fails and the judgment of the court below should be affirmed. "

*Robert E. Deyo* for appellant.

*Horace K. Dougherty* for respondent.

DANFORTH, J., reads for affirmance.
All concur.
Judgment affirmed.