[No. 3730.    Decided November 23, 1901.]

SAMUEL K. GREEN et ux., *Respondents*, v. JAMES G. TID-
BALL et ux., *Appellants*.

PLEADING — CITY CHARTERS AND ORDINANCES — ACTION ON COVENANT
AGAINST INCUMBRANCES.

The complaint in an action to recover from a grantor upon his covenant against incumbrances states a cause of action, where the action is based upon the enforcement by a city of the first class of a street assessment lien upon the property, although the complaint fails to allege that the city levying the assessment

had authority to grade streets and assess the costs thereof to abutting property owners, and fails to fully set out the ordinance relied on and the steps taken by the municipal officers in making the levy, since the courts are required by statute to take judicial notice of the incorporation and powers of cities of the first class, and the pleading of the substance and effect of the ordinances with reference to their numbers and date of passage, with the allegation that the city officers, acting in pursuance thereof and of the city charter, caused the assessment to be levied, is proof against general demurrer.

SAME — DEFECTIVE PLEADING — WHEN NOT GROUND FOR REVERSAL.

Under Bal. Code, § 4957, which directs the supreme court to disregard any error or defect which does not affect a substantial right of the adverse party, and Id., § 6535, which requires the court to determine all causes on appeal upon the merits thereof, disregarding all technicalities, and to consider all amendments which could have been made as made, a cause will not be reversed, after a trial upon the merits, merely for the reason that the cause of action was defectively stated, when there is no showing of substantial injury resulting to appellant on account thereof.

VENDOR AND PURCHASER — COVENANT AGAINST INCUMBRANCES — ASSESSMENT FOR LOCAL IMPROVEMENTS.

Where a street improvement has been made by a city under its charter powers, and a benefit thereby conferred upon abutting property, the right which the city has to levy an assessment against such property to pay therefor constitutes an incumbrance within the meaning of a covenant against incumbrances in a deed conveying such land.

SAME.

The fact that the city charter provides that an assessment for a public improvement becomes a lien upon the property assessed "from the time the assessment roll for such improvement shall be placed in the hands of the city treasurer for collection," would not, as between grantor and grantee, in the absence of express legislation to the contrary, defer the initiation of the incumbrance to that date, inasmuch as the liability of the property to assessment is not created by the placing of the roll in the hands of the treasurer, but from the fact that the obligation naturally arises at the date of the completion of the improvement which confers the benefit for which the charge is made.

Appeal from Superior Court, Spokane County.—Hon.
LEANDER H. PRATHER, Judge. Affirmed.

*R. E. Porterfield,* for appellants.

*Stern, Hamblen & Lund,* for respondents.

The opinion of the court was delivered by

FULLERTON J.—On July 15, 1889, the appellants con-
veyed to the respondent, Phebe B. Green, lot 8, in block
16, in the city of Spokane, covenanting that the property
was free from all incumbrances. Prior to that time the
city of Spokane had caused Stevens street therein to be
graded and otherwise improved, had created an assess-
ment district in which they included the property above
described, and had caused an assessment to be levied upon
the property within the assessment district to meet the
cost of the improvement. The amount levied against the
property of appellants was $23.10, which the appellants
paid, with interest, shortly after the execution and de-
livery of the deed. Thereafter, and before any consider-
able part of the assessment levied upon the district had
been collected, this court decided a similar assessment at-
tempted to be enforced by the city for the improvement
of another street therein to be void because in contraven-
tion of the city charter, the effect of which was to render
the assessment for the improvement of Stevens street un-
collectible. In 1893 the legislature passed the act relat-
ing to reassessments (Laws 1893, p. 226; Ballinger's
Code, § 1139 *et seq.*). Following this, the city amended
its charter, providing for a reassessment of property where
the first assessment should be adjudged illegal, and caused
a reassessment of the property within the Stevens street
district to be made, in which reassessment the amount
levied against the property conveyed to the respondents

was increased to an amount which, after deducting the
sum paid on the illegal assessment left a balance of
$218.62.   This sum the respondents paid to the city, and
brought this action upon the covenant against incum-
brances contained in the deed to recover from the appel-
lants the amount so paid.

On the trial of the cause, at the conclusion of respond-
ents' case, the appellants challenged the sufficiency of the
evidence to sustain a verdict against them, which the trial
judge refused to sustain, whereupon they rested without
offering any evidence in their own behalf.   The court,
on motion of the respondents, then instructed a verdict
in their favor.   This appeal is from the judgment entered
thereon.

It is assigned as error that the trial court overruled a
general demurrer to the complaint,   It is said that the
complaint fails to allege that the city of Spokane is a
municipal corporation having authority to grade streets
and assess the costs thereof to abutting property owners;
that the ordinances relied upon to establish the lien, and
the several steps taken by the municipal officers in making
the levy, are not sufficiently alleged.   As to the first of
these objections, it is sufficient to say that the statute au-
thorizes and requires the courts to take judicial notice of
the incorporation of municipalities of the first class, and
of their charters, and all amendments thereto.   As to the
second, the ordinances are set forth by number and date of
passage, and their substance and effect are stated, and it is
alleged that the officers, acting in pursuance thereof and
of the city charter, duly caused to be levied the assess-
ment complained of.   This, while it might have been sus-
ceptible to a motion to make more definite and certain, is
good as against a general demurrer.   It is not a failure to
state a cause of action, but at most a defective statement

of a cause of action. This court has repeatedly said, and it is well to say again, that it will not reverse a judgment for this cause alone. The statute directs us to disregard any error or defect which does not affect a substantial right of the adverse party (§ 4957), and to determine all causes upon the merits thereof, disregarding all technicalities, and to consider all amendments which could have been made as made (§ 6535). When, therefore, a cause has been tried upon its merits, as if upon pleadings sufficient in form and substance, in which the complaining party has not been misled, and has had full opportunity to present his case, some substantial wrong, some failure on the part of his adversary to aver or prove a material matter necessary on his part to be averred and proven in order to entitle him to recover, must be shown, before this court is warranted in reversing and remanding a cause for a new trial. A mere defect in pleading is not such a cause. It must not only be defective, but must have operated to the substantial injury of the complainant, before that result can follow. No such injury is shown by this branch of the appellants' case.

The principal question is, was this right that the city had to levy an assessment upon the property to pay the cost of the improvement made in the street an incumbrance on the property within the meaning of that term as used in the deed? The appellants contend that it was not, because it had not attached at that time; that it was then but an inchoate right, which might or might not thereafter become fixed and absolute, depending upon the action of the city; and our attention is called to the city charter, which provides that an assessment for a public improvement becomes a lien upon the property assessed "from the time the assessment roll for such improvement shall be placed in the hands of the city treasurer for col-

lection." An incumbrance has been correctly defined to be

"Any right to, or interest in, land which may subsist in third persons, to the diminution of the value of the estate of the tenant, but consistently with the passing of the fee." Bouvier's Law Dictionary (Rawle's Revision) title, Incumbrance.

It is also defined as follows:

"An incumbrance is a burden upon land depreciative of its value, such as a lien, easement, or servitude, which, though adverse to the interest of the landowner, does not conflict with his conveyance of the land in fee." 16 Am. & Eng. Enc. Law (2d ed.), p. 158.

Within these definitions there can be little doubt that the right of the city to levy an assessment upon these lands to .pay the proportionate cost of the improvement made in the street was an incumbrance on the land at the time the deed in question was executed. The work had then been performed and accepted by the city. It was performed in pursuance of a resolution and ordinance of the city declaring that a just proportion of the cost of the improvement should be charged upon this land. The benefit conferred upon the land which gave rise to the right to make the levy, and without which no right to levy could arise, had then been conferred. True, all of the steps necessary to perfect the charge had not then been taken, and the amount thereof, as it depended on various considerations, was undetermined, and the city might or might not thereafter enforce the right. In this sense the right may be said to have been inchoate; but it was, nevertheless, a right which the city could enforce against the will and consent of the owner, and in spite of any objection he might make. As such it was a burden on the land depreciative of its value, which did not conflict with his right to convey the land in fee, and hence an

incumbrance. It is said, however, that this argument can be made with reference to the right of the general government to levy taxes, or the right of the city to improve another street, or to make further improvements on this same street, and charge a proportionate part of the levies so made against this property; and that, if this is an incumbrance, all subsequent assessments must likewise be incumbrances as against a grantor. We do not think so. Levies of this character are always made, theoretically, at least, because of benefits conferred, and are charges against the land only after the benefits are conferred. Here the benefits for which this charge is made were conferred upon the land before the conveyance, and while owned by the grantors, and for which they received the value in the enhanced consideration for the conveyance. Charges for subsequent benefits can become incumbrances only after the benefits are conferred, and by no correct reasoning can be said to be existing incumbrances because the power to confer the benefit and make a charge therefor exist, even though such benefits may be conferred *in invitum*. The real test is found in the answer to the question, when were the benefits conferred?

Nor do we think the charter provision controlling. Aside from the fact that its primary intent was to fix a time when the assessment should become due and payable, there is nothing in the language used to indicate that, as between grantor and grantee, the charge should be deemed an incumbrance only after the assessment roll is placed in the hands of the city treasurer for collection. In this respect it differs from our statute relating to general assessments, which fixes a time when such an assessment shall be deemed an incumbrance as between parties to a deed. The liability of the property to assessment is not created by the placing of the assessment roll in the hands of the city

treasurer, but from the fact that a benefit is conferred on the property by the improvement; and the time when the obligation therefor would naturally arise is when the benefit is conferred,—the completion of the improvement. It would seem, then, as between grantor and grantee, in the absence of express legislation to the contrary, such a charge, if perfected, should be held to be an incumbrance from that time, and such, we think, is the general rule. The cases on this question are not uniform. New York especially has held that a tax or assessment is not an incumbrance, within the meaning of a covenant against them, until the amount thereof is ascertained or determined. *Harper v. Dowdney,* 113 N. Y. 644 (21 N. E. 63). However, we think the weight of authority, as well as the better reason, is the other way. See *Cadmus v. Fagan,* 47 N. J. Law, 549 (4 Atl. 323); *White v. Stretch,* 22 N. J. Eq. 76; *Campion v. City of Elizabeth,* 41 N. J. Law, 355; *Blackie v. Hudson,* 117 Mass. 181; *Carr v. Dooley,* 119 Mass. 294; *Tibbetts v. Leeson,* 148 Mass. 102 (18 N. E. 679); *Peters v. Myers,* 22 Wis. 574; *Lafferty v. Milligan,* 165 Pa. St. 534 (30 Atl. 1030); *Barnhart v. Hughes,* 46 Mo. App. 318.

Finally, it is urged that the trial court erred in instructing a verdict for the respondents. The claim is that there was a conflict in the evidence as to who paid the assessment. It is true that the respondents' witnesses did not agree as to the person who actually paid into the city treasury the money, but there was no claim that the money paid did not belong to the respondents. On the contrary, the evidence leaves no room for doubt on that question. Who actually paid it, therefore, was immaterial, and, as there was no material disputed question of fact, the trial judge did not err in instructing the jury as he did.

The judgment is affirmed.

REAVIS, C. J., and DUNBAR, ANDERS and WHITE, JJ., concur.