[No. 4678.   Decided August 11, 1903.]

# E. G. SELBY, *Respondent,* v. VANCOUVER WATER WORKS COMPANY, *Appellant.*

APPEAL — OBJECTION NOT RAISED BELOW — SUFFICIENCY OF COMPLAINT — PRESUMPTION AS TO AMENDMENT.

The objection that the complaint does not allege defendant's negligence as the proximate cause of plaintiff's injury cannot be raised for the first time on appeal, when the evidence sufficiently connects the one as the proximate cause of the other, thereby warranting the court in deeming the complaint amended to correspond therewith.

NEGLIGENCE — OBSTRUCTION IN HIGHWAY — FRIGHTENING HORSES — QUESTIONS FOR JURY.

Whether defendant was negligent in piling old planks on a highway close to the traveled part, without any authority therefor and without any showing of necessity except that the planks would have slid down and injured the abutting owner's fence if they had been placed off the traveled way, on the slope of the embankment, and whether the obstruction was of such a character as to frighten horses, were questions for the jury in an action for injuries caused by plaintiff's horse shying at such obstruction.

SAME — EXCESSIVE DAMAGES.

A verdict for $1,500 for injury to the arm of a common laborer cannot be said to be excessive, where it appears that he was entirely incapacitated from using it for about three months; that he would probably never be able to lift as much with it or use it as dexterously as before; that by reason of the fracture being in the joint of the elbow his suffering had been more acute than in the case of ordinary bone fractures; and that he had spent the sum of $100 for surgical treatment.

SAME — INSTRUCTIONS — REASONABLE NECESSITY FOR OBSTRUCTIONS.

In an action for damages because of injuries occasioned by the fright of a horse at debris placed along the side of a public highway by defendant, a charge to the jury that if it was not reasonably necessary for defendant in making improvements to use the highway for piling and burning debris, then defendant had no right to use it for that purpose, and plaintiff could recover

damages for injuries occasioned thereby, was a proper statement
of the law.       .        .

SAME — HARMLESS ERROR.

An appellant cannot complain of an instruction as being
adapted to a question not in issue under the pleadings and proof,
when the instruction, if erroneous at all, would be prejudicial to
the respondent and not to the appellant.

Appeal from Superior Court, Clarke County.—Hon.
ABRAHAM L. MILLER, Judge. Affirmed.

*W. W. McCredie* (*J. W. Hopkins,* of counsel), for ap-
pellant:

It is not every obstruction of a street or highway that is
unlawful. The right of the public to the free and unob-
structed use of a highway is not a complete and unqualified
right. It is subject to certain limitations and restrictions.
Among such limitations and restrictions is the right of an
abutting owner in cases of reasonable necessity to make a
reasonable use of a highway or a portion thereof for the
temporary storing of building materials, the loading and
unloading of goods, etc. Dillon, Municipal Corporations
(4th ed.), § 730; *Loberg v. Amherst,* 41 Am. St. Rep. 69;
*Raymond v. Kiseberg,* 19 L. R. A. 643; *Cowan v. Muske-
gon Ry. Co.,* 48 N. W. 166; *Fitch v. New York, etc., R.
R. Co.,* 59 Conn. 414 (10 L. R. A. 188); *Nichols v. Ath-
ens,* 66 Me. 402; *Farrell v. Oldtown.* 69 Me. 72; *Judd v.
Fargo,* 107 Mass. 264; *Kingsbury v. Dedham,* 13 Allen,
186; *Clark v. Fry,* 8 Ohio St. 358; *Davis v. Winslow,* 51
Me. 264.

*C. D. Bowles,* for respondent:

The placing of objects calculated to frighten horses in a
highway is negligence, and when injury occurs action will
lie. *Fooshay v. Town of Glen Haven,* 25 Wis. 288; *Jones*

*v. Housatonic R. R. Co.,* 107 Mass. 261; *Ayer v. Norwich,* 12 Am. Rep. 396; *House v. Metcalf,* 27 Conn. 631; *Judd v. Fargo,* 107 Mass. 264; *Macomber v. Nichols,* 22 Am. Rep. 522.

The opinion of the court was delivered by

FULLERTON, C. J.—This is an action to recover damages for personal injuries occasioned as the result of the negligence of defendant. The defendant was the owner of a flume which ran along a county highway, and, in reconstructing its ditch or flume, removed the old planking, and placed it in heaps along the side of the road, until it could be disposed of. At the point where the accident happened, the road skirted the side of a hill, having the bluff on one side and a drop of about four feet on the other, the road at this place being about fifteen feet in width. On the side of the road next to the bluff the defendant had placed a pile of planks, some two or more feet in height, on the edge of the highway, but not sufficiently close to the traveled way to interfere with the use of the road. It was the intention of the appellant to burn the planking as soon as it became dry, but this particular pile, while it had remained on the road several days, was not so disposed of until the day following the accident. While plaintiff, unaware of the obstruction on the side of the road, was driving by there with a companion in a buggy, shortly after nine o'clock in the evening, his horse suddenly shied at the plank heap, and plunged over the side of the embankment, overturning the buggy, and throwing the plaintiff out in such a manner as to break his right arm at the elbow. The horse was a gentle one, not accustomed to shying at familiar objects; the night was dark enough to prevent objects being seen distinctly; and the plaintiff was driving slowly

and carefully, with a tight rein, and in all respects, according to the evidence, exercising due care. A verdict of $1,500 was rendered in favor of plaintiff, and from the judgment thereon the defendant appeals.

The first error assigned is that the complaint does not allege sufficient facts to constitute a cause of action, in that it does not connect the negligence of the defendant with plaintiff's injury in such a way as to charge the one as the proximate cause of the other. But, inasmuch as this objection is raised for the first time on appeal, and was not urged by way of demurrer or objection to the introduction of evidence, the complaint will be deemed amended to correspond with the evidence, wherein it clearly appears that the horse shied at the pile of planks placed in the road by defendant. *Green v. Tidball,* 26 Wash. 338 (67 Pac. 84, 55 L. R. A. 879).

The assignments to the effect that the court erred in refusing a nonsuit and in denying a directed verdict in defendant's favor involve practically but one question— whether the court should have said as a matter of law that there was no evidence of actionable negligence for the jury to pass upon. The evidence was undisputed that the defendant had placed an obstruction close to the traveled part of the highway, without any showing of authority or of necessity except that the planking would slide down and injure the abutting owner's fence if it had been placed off the traveled way on the slope of the embankment. Whether the defendant was negligent in so doing, and whether the obstruction was of such a character as to frighten horses, were clearly questions for the jury. Nor was there anything in the evidence requiring the court to declare the plaintiff guilty of contributory negligence as a matter of law. It is true, the evidence was somewhat un-

certain as to just how plaintiff's arm received its injury, the plaintiff himself not being conscious, in the moment of excitement, as to just how it occurred; but there was sufficient evidence to require the determination of the jury upon the question of its being the natural result of the defendant's negligence under the circumstances.

An objection is made that the verdict was so excessive as to indicate passion and prejudice. The jury awarded $1,500 damages, but we are not disposed to disturb the verdict, although the evidence shows that the respondent's occupation was that of common laborer, that he was entirely incapacitated for only a period of three months, and that there was no likelihood of his ever becoming permanently so; as the evidence further shows that by reason of the fracture having been in the joint of the elbow his suffering was much more acute than is the case from ordinary bone fractures; that he was twenty-eight years of age, and probably would never be able to lift as much with the injured arm, or use it as dexterously, as before; and that he had been compelled to expend the sum of $100 for its surgical treatment.

The court gave the following charge to the jury, to which exception was taken by the defendant:

"You are instructed that the defendant company had no right to place obstructions upon the public highway in the nature of refuse material, unless it was reasonably necessary to temporarily use the highway while making improvements. If in this case it was reasonably necessary for the company to pile the debris mentioned within the right of way of the public highway in making its improvements,—it was its duty to use due and proper care in doing so, so as to guard against injury, and unless such care was used and injury resulted therefrom and plaintiff herein was not guilty of contributory negligence the company is responsible for any injury directly resulting there-

from. If it was not reasonably necessary for the defendant in making its improvements to use the highway for piling and burning the debris from the old flume, then the company had no right to use it for that purpose, and if it did so use it for that purpose and plaintiff was injured therefrom while traveling upon the highway in the usual manner and was not guilty of contributory negligence, then he is entitled to recover."

There was no error in giving the above instruction. It was a clear exposition of the law, in harmony with the weight of authority. The doctrine is enunciated in Elliott on Roads & Streets (2d ed.), § 616, where he speaks of the liability of a municipal corporation, as follows:

"Where a horse of ordinary gentleness becomes frightened at objects naturally calculated to frighten horses, which the corporation has negligently placed, or permitted to be placed and remain in the highway, and injury results, without contributory negligence, the corporation will, as a rule, be liable therefor. This liability extends to objects on the margin of the highway and within its limits, although they may not be within the traveled path. The object must be of such a character, however, that it is naturally calculated to frighten horses. . . . Whether the object is, in its nature, calculated to frighten horses of ordinary gentleness is usually, however, a question for the jury to determine from a consideration of its character, situation, the amount of travel on the highway, and other like circumstances."

Also Id., § 649:

"An object at the side of a highway, or in close proximity thereto, of such a character that it is naturally calculated to frighten horses of ordinary gentleness, may constitute a nuisance."

See, also, Cooley, Torts,* p. 617; Jaggard, Torts, p. 765; 15 Am. & Eng. Enc. Law (2d ed.), p. 446.

The appellant's further objection to the instruction is

that it imposes upon the jury the duty of finding a reasonable necessity for the defendant to use the margin of the road for the temporary piling of its refuse plank, while the question of reasonable necessity was not an issue under the pleading or proof. But, conceding that fact, the instruction was not prejudicial to appellant. The respondent might reasonably have complained, as the instruction puts a limitation on the doctrine of liability for placing obstructions on a highway not sustained by all of the authorities; but it was not unfavorable to the appellant's case.

The judgment is affirmed.

HADLEY, ANDERS, MOUNT and DUNBAR, JJ., concur.