[No. 7199.  Decided June 13, 1908.]

SAMUEL C. KNOWLES, *Appellant* v. MARY S. TEMPLE,
*Respondent.*[1]

MUNICIPAL CORPORATIONS—ASSESSMENTS—LIEN—WHEN ATTACHES
—COVENANTS.  An assessment upon abutting property for a local
improvement does not become a lien on the property, so as to con-
stitute a breach of a covenant against incumbrances, until the assess-
ment roll is placed in the hands of the officer authorized to collect
the assessment, under the express provisions of Laws 1901, p. 240, § 1.

Appeal from a judgment of the superior court for Pierce
county, Reid, J., entered August 3, 1907, upon findings in
favor of the defendant, after trial on the merits before the
court without a jury, in an action for breach of covenant
against incumbrances.  Affirmed.

*T. W. Hammond*, for appellant.

*Walter Loveday*, for respondent.

RUDKIN, J.—On the 5th day of September, 1906, the city
council of the city of Tacoma adopted a resolution of inten-
tion to improve one of the city streets, and created an assess-
ment district for that purpose.  At that time the defendant
was the owner of certain lots abutting on the street to be
improved and included within the assessment district.  On the
27th day of December, 1906, she conveyed the lots to the
plaintiff, covenanting that they were free and clear of all
liens, charges and incumbrances.  Work was commenced on
the improvement on November 7th, 1906, and the improve-
ment was completed on February 12, 1907.  On the 28th day
of February, 1907, the assessment roll in the matter of the
improvement was confirmed by the city council, and on March
1st, 1907, the roll was placed in the hands of the city treas-
urer for collection.  The assessment against the lots in ques-

[1]Reported in 96 Pac. 1.

tion, amounting to the sum of $295.75, was thereupon paid by the plaintiff, and this action was instituted to recover the amount from the defendant under the covenant against liens, charges, and incumbrances contained in the deed. From a judgment in favor of the defendant, the plaintiff has appealed.

The appellant contends that the lien of the assessment attached at the inception of the proceedings for the improvement of the street, the resolution of intention in this case, and that a breach of the covenant of warranty was therefore established. The respondent, on the other hand, contends that the lien did not attach until the assessment roll was placed in the hands of the city treasurer for collection, under the provisions of the act of March 16, 1901, Laws of 1901, p. 240, or until the completion of the improvement, under the rule announced by this court in *Green v. Tidball*, 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 879.

No lien for general taxes or special assessments exists by virtue of the common law. Such liens are purely of statutory origin, and we must look to the statute for the time of their commencement and their duration. As said by this court in *Phelan v. Smith*, 22 Wash. 397, 61 Pac. 31:

"It will not be disputed, we think, that tax levies are purely statutory; and it is for the legislature to determine the time when the lien shall attach, and to settle all questions of public policy of that kind. The general rule is that taxes are not a lien unless expressly made so, and when liens are expressly created, they are not to be enlarged by construction."

Acts creating liens on property benefited by local improvements may not fix the time when the lien attaches; and in such cases the courts must determine that fact from a consideration of the entire act. When no time is fixed it is sometimes held that the lien attaches when the improvement is ordered, sometimes when the improvement is completed, and sometimes when the amount of the assessment or charge is fixed or de-

termined, as the legislative intent may appear. *Blackie v. Hudson*, 117 Mass. 181; *Green v. Tidball, supra; Harper v. Dowdney*, 113 N. Y. 644, 21 N. E. 63.

But when the legislature has declared that the lien shall attach at a given time or upon the happening of a given event, any attempt on the part of the courts to fix a different time would be judicial legislation. Section 1 of the act of 1901, *supra*, provides that:

"Such charge when assessed and the assessment roll confirmed by the legislative body of such city in the manner provided, or to be hereafter provided, by ordinance or city charter shall be a lien upon the property assessed from the time said assessment roll shall be placed in the hands of the officer authorized by law or the charter and ordinances of such city to collect such assessment."

Under the express provisions of this section there was no lien on the lots in question at the time the covenant against incumbrances was entered into, and the covenant being *in praesenti* was broken when made if at all.

In the case of *Green v. Tidball, supra*, the court held that the liability of the property for the assessment accrued at the completion of the improvement, and that the right of the city to make the assessment constituted an incumbrance. The facts in that case were peculiar. The improvement had been completed and an assessment levied long before the conveyance, but the assessment was thereafter declared invalid by a decision of this court and a reassessment made after the conveyance. Under these facts the court held that the grantor had received the benefit of the improvement, that the liability of the property to assessment accrued upon the completion of the improvement, and that the right vested in the city to make a reassessment constituted an incumbrance. But the doctrine that the liability for the assessment accrues upon the completion of the improvement cannot be extended to a case of this kind; first, because it entirely ignores the provision

of the statute fixing a different date; and second, because the rule in itself is open to serious objection. As said by Magie, J., in *Cadmus v. Fagan*, 47 N. J. L. 549, 4 Atl. 323, referring to the rule that the lien attaches upon the completion of the assessment roll under the New Jersey statute:

"This construction, it is not amiss to note, establishes a convenient rule capable of practical application. The date when the lien attaches is, under this rule, discoverable by record evidence. Under the rule stated by the supreme court, it could only be fixed by parol evidence, which, in respect to the completion of the work, might be uncertain or even variant."

See, also, *Everett v. Marston*, 186 Mo. 587, 85 S. W. 540; *Cemansky v. Fitch*, 121 Iowa 186, 96 N. W. 754. In the latter case the court said:

"One of the objects of the legislature in defining precisely when the lien for street improvements attach to the abutting property must have been the determination of the liability therefor as between grantor and grantee in such a deed, and we perceive no reason for not giving the statute full effect."

The doctrine that the mere inchoate right to levy a tax or assessment constitutes an incumbrance cannot be accepted as one of general application. *Everett v. Marston, supra.*

We are therefore of opinion that the assessment was neither a lien nor an incumbrance at the time of the conveyance under which the appellant claims, and the judgment is accordingly affirmed.

HADLEY, C. J., FULLERTON, CROW, ROOT, MOUNT, and DUNBAR, JJ., concur.