(62 Misc. Rep. 610.)

### FEDER et al. v. ROSENTHAL et al.

(Supreme Court, Appellate Term. April 8, 1909.)

1. VENDOR AND PURCHASER (§ 133*) — CONTRACT — VIOLATION OF TENEMENT HOUSE ACT.

There being no law requiring owners of tenement houses to install water meters, the commissioner of water supply being only authorized in his discretion to cause meters to be installed, the owners of a tenement house contracted to be conveyed were not, before notice to install a meter, chargeable with a violation of the tenement house act (Laws 1901, p. 889, c. 334), within the contract of sale requiring a conveyance free from all violations filed against the premises in any of the municipal departments of the city.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 133.*]

2. VENDOR AND PURCHASER (§ 133*) — TENEMENT HOUSE ACT—VIOLATION—INSTALLATION OF WATER METER.

The commissioner of water supply of the city of New York having no authority to order the owners of a tenement house to install a water meter, but being authorized only to cause a meter to be installed after notice and charge the expense thereof to the owners of the property, the owners' failure to install a meter after notice was not a violation of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tenement house act (Laws 1901, p. 889, c. 334), within a contract of sale requiring a conveyance free from violations thereof.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 133.*]

3. VENDOR AND PURCHASER (§ 133*) — CONTRACT OF SALE — "LIEN"—"INCUMBRANCE."

Where the owners of a tenement house on November 1, 1906, contracted to convey the same to plaintiffs free from all incumbrances and violations of the tenement house act (Laws 1901, p. 889, c. 334), and on May 25th had been served with notice to install a water meter, which was installed by the water department on October 8th, but the cost was not certified until November 1st, nor the bill certified to the comptroller until December 13, 1906, the assessment therefor was not a lien on the premises, when conveyed on December 11th, the words "lien or incumbrance" being used to cover only a charge against the property after it has been ascertained or determined.

[Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 133.*

For other definitions, see Words and Phrases, vol. 4, pp. 3519–3527 ; vol. 5, pp. 4144–4152 ; vol. 8, p. 7707.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Moses Feder and another against Max Rosenthal and another. From a Municipal Court judgment in favor of plaintiffs, defendants appeal. Reversed and dismissed.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

L. Alexander, for appellants.
Isidore Frey, for respondents.

LEHMAN, J. Between May 24, 1906, and December 11, 1906, the defendants were the owners of a tenement house in New York City. On the 1st day of November, 1906, they entered into a contract in writing with the plaintiffs, whereby they agreed to convey the said premises with full covenants of warranty, free from all incumbrances, and free from all violations filed against the said premises in any of the municipal departments of the city of New York.

On the 25th day of May, 1906, a notice was served upon the janitor of the defendants, requiring the owners of the premises to install a water meter, and stating that in case of their failure or neglect so to do the meter would be placed therein by the department and the expense charged to them. The defendants failed to install such a meter, and the department installed one on October 8, 1906. The city plumber rendered a bill to the department between October 8 and November 1, 1906. An inspection of the work was made by the department on November 1, 1906, and the same was certified as properly done. The bill of the city plumber was certified by the water department to the comptroller, with other bills for similar work, on December 13, 1906. It does not appear from the books of the water department when the foregoing charge was entered upon its books. The premises were conveyed under the above contract of sale to the plaintiffs, with full covenants for conveying and assuring to the plaintiffs the fee simple of said

premises, on December 11, 1906. The bill for the installation of the water meter was mailed to the premises on January 15, 1907. Upon these facts the trial justice rendered judgment for the plaintiffs for the sum of $164.79, together with costs.

It seems to me that the judgment was erroneous. It cannot be supported on the ground that the notice to the defendants was a violation, within the meaning of the contract. The defendants, before the notice, had certainly committed no violation, because there is no law requiring the owners of all tenement houses to install meters; for the law simply authorizes the commissioner of water supply, in his discretion, to cause water meters to be installed; nor could the failure of the owners thereafter to install the meter be considered a violation, because the commissioner of water supply had no authority to order the owner to install the meter, but only authority to cause a water meter to be installed, and the notice was effective, if at all, by virtue of such authority, and as a convenient means of causing the installation. It is to be noted that this notice did not seek to impose a penalty if the meter was not installed, but only stated that the department would, in case of failure, place the meter itself and charge the expense to the owner.

It cannot be supported on the ground that the charge was a lien upon the premises at the time that the premises were conveyed. To constitute a lien or incumbrance, within the meaning of a covenant against them, the amount of a charge should be ascertained or determined. Harper v. Dowdney, 113 N. Y. 644, 21 N. E. 63. I cannot find upon the agreed statement of facts that this occurred before December 13, 1906. It is true that a bill had been rendered and the work had been certified before that date; but it does not appear that the amount of the bill had been approved of. I am of opinion that the amount of the charge must be fixed by some act of the department before it can become a lien or incumbrance, and that no such act is alleged in the agreed statement of facts to have been performed before the certification of December 13, 1906.

The judgment should be reversed, and the complaint dismissed, with costs to the appellants. All concur.