[No. 11978.    Department Two.    July 22, 1914.]

FRANK J. FLAJOLE, *Appellant*, v. CARL H. SCHULZE, *as Executor etc., Respondent.*[1]

COVENANTS—AGAINST INCUMBRANCES — MUNICIPAL CORPORATIONS— LIEN OF ASSESSMENTS—WHEN ATTACHES. There is no breach of a covenant against incumbrances from the fact that, prior to conveyance, the city had instituted condemnation proceedings against the property conveyed for the purpose of paying the cost of widening and extending a street, under which a special assessment had been levied and confirmed by judgment of the court subsequent to the conveyance, since the lien of such assessment would not attach until the date of the judgment, under Rem. & Bal. Code, § 7797.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 31, 1914, in favor of the defendant upon an agreed statement of facts, in an action on contract, tried to the court. Affirmed.

*Ryan & Desmond*, for appellant.
*Walter B. Beals*, for respondent.

MORRIS, J.—This appeal comes to us upon an agreed statement of facts, from which it appears that, on the 8th day of May, 1913, the respondent conveyed to the appel-

[1]Reported in 141 Pac. 1026.

lant, by warranty deed, certain property, located in the city of Seattle; that theretofore the city of Seattle had, under ordinance, authorized an improvement and created an assessment district including the property in question, for the condemnation of adjoining property, for the purpose of improving, widening and extending one of its streets; that, subsequent to the condemnation judgment and for the purpose of meeting the cost thereof, the board of eminent domain commissioners prepared an assessment roll, whereby a special assessment was levied upon the property in the sum of $288. This assessment roll, coming on for hearing on April 13, 1913, was found by the court to be inequitable, and the roll was referred to the board of eminent domain commissioners for reassessment. Pursuant to this order, a new assessment roll was prepared, in which a special assessment was levied upon the property in the sum of $456, which assessment roll was confirmed on July 7, 1913, and judgment of confirmation duly entered. The findings also recite that the property was benefited and enhanced in value by the improvement, and that the benefits accrued to the property prior to the date of the conveyance. Under these facts, the court dismissed the action, holding, in effect, that the assessment as last levied was not a breach of a covenant against incumbrances as contained in the deed, and that, as between the grantor and the grantee, the liability for the payment of the assessment must be borne by the grantee.

Appellant suggests that the lower court erred in this conclusion and that its judgment should be reversed, basing his contention upon *Green v. Tidball*, 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 879, where it was held that, in an action against a grantor upon a covenant against incumbrances, an assessment upon the property conveyed for a street improvement became an incumbrance upon the land at the time the benefits were conferred, and that, as between grantor and grantee, the liability would be determined as of that time. A similar

question was before us in *Knowles v. Temple*, 49 Wash. 595, 96 Pac. 1. Referring to § 1 of the act of 1901, relating to special assessments for local improvements, Rem. & Bal. Code, § 7531, providing that such assessments shall be a lien upon the property assessed from the time the assessment roll shall be placed in the hands of the officer authorized by law to collect them, we then held that, as between grantor and grantee, the local improvement assessment did not become a lien so as to constitute a breach of covenant against incumbrances until the assessment roll was placed in the hands of the city treasurer for collection. The reason for the rule there announced was that, when the legislature had declared that the lien should attach at a given time, as it had in the act of 1901, any attempt on the part of the courts to fix a different time would be judicial legislation. Referring to *Green v. Tidball*, it was said that the doctrine there announced could not be extended, (1) because it ignored the provision of the statute fixing the different date, and (2) because the rule itself was open to serious objection. Such language, joined in by the judge who wrote the opinion in *Green v. Tidball*, can be read in only one way, and that is that the court no longer regarded *Green v. Tidball* as authoritative. Our present investigation convinces us that *Knowles v. Temple* announces the better rule, and that it should be followed. It substitutes certainty for uncertainty, and looks to a record rather than to parol evidence to discover when, as between grantor and grantee, liability would be determined, and such time becomes as fixed and definite as the statutory time for determining the lien of general taxes. The incumbrance complained of in this case was not a local improvement assessment of the same character as that complained of in *Knowles v. Temple*, and hence is not governed by the same statute. This incumbrance was a special assessment made by the board of eminent domain commissioners for the purpose of paying the cost of widening and extending a pub-

lic street, and is governed by Laws of 1907, page 316. Section 30 (p. 328) of that act, Rem. & Bal. Code, § 7797 (P. C. 171 § 89), provides that:

"The judgment of the court shall have the effect of a separate judgment as to each tract or parcel of land or other property assessed, and any appeal from such judgment shall not invalidate or delay the judgment except as to the property concerning which the appeal is taken. Such judgment shall be a lien upon the property assessed from the date thereof until payment shall be made."

This statute brings the case under the rule of *Knowles v. Temple*, and the reasoning sustaining the decision in that case sustains our conclusion in this case, that the lien liability, as between appellant and respondent, must be determined as of the date of the judgment confirming the assessment roll. In addition to the authorities cited in *Knowles v. Temple*, the following are in point. *Feder v. Rosenthal*, 62 Misc. Rep. 610, 116 N. Y. Supp. 2; *Harper v. Dowdney*, 113 N. Y. 644, 21 N. E. 63; *Tull v. Royston*, 30 Kan. 617, 2 Pac. 866.

For these reasons, the judgment is affirmed.

CROW, C. J., PARKER, and MOUNT, JJ., concur.