ANNETTE H. BRUNS V. JOE OPEL ET AL.

Decided July 12, 1928.

*Chas. E. Dornette,* for the plaintiff.
*Alfred Pfau,* for defendants.

DARBY, J.

The question involved in this case was well stated by counsel for the defendant on the trial, as follows:

"We are claiming simply that the making of improvements by any corporation, such as county or city, does not create any lien against the real estate, and therefore, although we warranted in the deed against liens, there were none at the time the deed was executed and delivered, and no liability on the warranty."

The property involved in this case was a vacant lot, and the evidence is that the defendants did not know of the improvement when it was made, or at the time of the deed referred to. The deed involved was executed February 27, 1926, and contained the usual covenants—among them—

"that the title so conveyed is clear, free and unincumbered; and further that we do warrant and will defend the same against all claim or claims of all persons whomsoever, except the taxes due and payable in December, 1926, and thereafter, which the grantee herein assumes and agrees to pay."

It was not until August of 1926 that the estimated assessment of the county sanitary engineer was presented to the county commissioners; the same was advertised according to law (see G. C. Sec. 6602-8B) and there being

no protests against said assessment, it was approved and confirmed, and orders made for payment of the same and placing of the assessments on the tax duplicate.

At the conclusion of the hearing ,the court was of the opinion that the covenant and warranty was broad enough to cover the claim for the assessments. At that time no authorities were presented, but since then they have been presented, and examined by the court.

There is a great variety of opinion as to whether assessments, in a situation such as above outlined, constitute an incumbrance, the existence of which would cause a breach of the warranty.

In *Cotting* v. *Commonwealth,* 205 Mass., 523, it was held that in such a situation—

"* * * There was a liability which was sure to become absolute, and enforcible against the land as soon as the work was completed and the expense ascertained. This was an incumbrance from which the plaintiffs were entitled to be protected under the covenant. It is even more plain that under the covenant of warranty the Commonwealth is bound to relieve the plaintiffs from this charge upon their land."

That principle is stated by Tiedeman on Real Property 3d edition, p. 897, note 70, to constitute a statement of the majority rule, but in the 4th edition of Tiedeman, Sec. 617, the author does not repeat the statement about the majority rule.

From an examination of the cases referred to by Tiedeman in his 4th edition, the court has reached the conclusion that whatever be the majority rule in the situation, the correct rule is stated in *Barlow* v. *Bank,* 63 N. Y., 399, p. 402, as follows:

"But no lien or incumbrance on the lands assessed is created by the act of the assessors. The assessment is the basis upon which the board of supervisors acts in apportioning the tax, but it is in no sense the imposition of a charge upon the land described in the roll. This is one of the preliminary steps which result in taxation. So is the election of assessors, and taxation of the lands within the town is as certain to take place before the assessors commence making the roll as after it is completed. The arrangement of the statutes necessarily leads to the imposition of the taxes at each annual meeting of the supervis-

ors. The roll when completed fixes the valuation of the land to be taxed, but it does not determine the amount of the tax, and the |most which can be claimed is that it renders more certain and definite the liability to taxation which nevertheless existed before the assessment was made. The language of the covenant in the defendant's deed is that the premises 'are free and clear from all incumbrances whatsoever.' The covenant against incumbrance is a covenant *in presenti,* and like the covenant of seizin, if broken at all is broken as soon as the deed is executed. 4 Kent's Com., 471; Roll on Contracts of Title, 89; *Horton* v. *Davis,* 26 N. Y., 495. The right of action accrues at once, and unless an action will lie immediately, there is no breach of the covenant. The covenantee suing upon such a covenant may be restricted to nominal damages where he has not been subject to actual loss. (*Delavergne* v. *Norris,* 7 J. R., 358; *Hall* v. *Dean,* 13 Id., 105.) But the right of action, when it exists at all, is complete the moment the covenant is made. If the plaintiff had brought his action the day after he took his deed, could he have maintained it? I think not. The answer would have been perfect that the entry of the land in the assessment roll constituted no incumbrance."

To the same eff        *Harper* v. *Dowdney,* 113 N. Y., 644:

"No tax or assessment is a lien or incumbrance within the meaning of a covenant against them until the amount thereof is ascertained or determined.

"Where, therefore, prior to the execution and delivery of a deed of premises in the city of New York, containing such a covenant, the work of paving a street had been completed by the city, pursuant to an ordinance of the common council, duly passed, and the acceptance of the work paid by the city before the apportionment of the amount upon the persons and property benefited was not made until thereafter, when a proportion thereof was assessed upon the premises conveyed and was paid by the grantee, held that the action upon the covenant to recover the amount so paid was not maintainable."

The case of *Harper* v. *Dowdney* was cited with approval in *McLaughlin* v. *Miller,* 124 N. Y., 515. In *Cemansky* v. *Fitch,* 121 Ia., 186, almost the identical question involved was presented as in the case at bar. It was held:

"A covenant in a deed against incumbrances is a covenant *in presenti* and does not include a charge for street assessments the statutory lien for which has not attached,

nor is it covered by a covenant to defend against lawful claims which are not at the date of the deed established liens."

See also, *Tull* v. *Roysten,* 30 Kan., 617, to the same effect.

The case of *Craig* v. *Heiss,* 30 O. S., 550, does not present the question involved here. In that case the assessment had attached before the conveyance, and it was held that all installments of the assessment unpaid at the time of the deed were within the scope of the covenant against incumbrances for breach of which an action would lie.

The court has reached the conclusion that upon the evidence in the case and the authorities presented, judgment must be entered for the defendants.