**BEACHWOOD (Village) v F. B. CO., et**

· Common Pleas Court, Cuyahoga Co

Decided May 31, 1939

Locher, Green & Woods, Cleveland, and Edward S. Crudele, solicitor of Garfield Heights, Ohio, for plaintiff.

Davies & Eshner, Cleveland, for defendants.

By KRAMER, J.

This action cames before this court on plaintiff's petition for a declaratory judgment, the answer and second amended answer of the defendant the F. B. Company and the answers and cross-petitions of the other defendant.

It appears that on March 12, 1928, the village of Beachwood enacted the necessary ordinances and pursued the proper procedure to levy certain special assessments upon the lands now owned by the various defendants and described in the petition. The lands in question had been duly registered under the Torrens title land registration act. The village failed to comply with §8572-56 of this act requiring that notice of the proceedings for levying of special assessments against lands registered under this law and a list of the lands assessed should be filed with the county recorder.

The plaintiff prays for a judgment declaring the legal staus of said special assessments the rights of the plaintiff and defendants in the matter of the the enforcement thereof, and that the council of the plaintiff has the right to order a re-assessment of said special assessments in accordance with the provisions of §§3902 and 3903, GC, in the event that it is found that such original assessments are invalid and illegal.

The defendants ask that their lands be decreed to be free from any lien of the village of Beachwood and that an injunction issue restraining the village of Beachwood from asserting or at-

tempting to assert any lien of assessment by way of certification, reassessment or otherwise, upon any of the lands of these defendants.

The legal status of said special assessment and the rights of plaintiff and defendant in the matter of the enforcement thereof is determined by Curry v Lybarger, 133 Oh St 55, 10 OO 61. It is there held that by reason of the failure to serve the notice provided by §8572-56 the assessments did not constitute a lien upon said land and that the lands are not liable for such assessments.

The principal question presented to the court is whether the village has the right to reassess these lands for the cost of the improvements for which the assessment was originally attempted to be made. The village claims this right under §§3902-3903, GC.

"Sec. 3902. When it appears to the council that a special assessment is invalid, by reason of infirmity or irregularity in the proceedings, or when an assessment is adjudged to be illegal, by a court of competent jurisdiction, the court may order a re-assessment whether the improvement has been made or not.

"Sec. 3903. Proceedings upon a re-assessment and for the collection thereof, should be conducted in the same manner as is provided for the original assessment."

It is contended that an assessment is not complete or legal unless or until it fixes a lien upon the land assessed; that the provision for the service of notice in respect to Torrenized lands (§8572-56) is an additional requirement of the law in respect to such land to fix the lien and that such notice not having been served, the assessment is illegal.

First, it should be noted that special assessment statutes are to be strictly construed against the municipality and in favor of the person whose prop-

erty is sought to be assessed.

"It is fundamental that all statutes imposing taxes and public burdens of that nature are to be strictly construed and any doubt as to construction or effect must be resolved in favor of those on whom the burden is sought to be imposed." Curry v Lybarger, 133 Oh St 55 at 59, 10 OO 61.

The law governing the levying of assessments is contained in §3814-3850, GC, the last sentence of §3850 reads:

"When the assessment is confirmed by the council it shall be complete and final and shall be recorded in the office of the clerk of council.

"The completion of the assessment proceedings does not create a lien against the property assessed. A munnicipality has no lien for special assessments upon property within its corporate limits. Taxes are not a lien unless expressly made so by statute and special assessments stand on the same footing." 5 McQuillin on Municipal Corporations, 788; Knowles v Temple, 49 Wash., 595; Cemansky c Fitch, 121 Iowa, 186; 36 O. Jur. p. 1072, §98.

The Ohio statutes which impose the lien of an assessment upon the land are §§3897 and 3851. By virtue of §3850 the special assessment becomes a lien upon unregistered land when the assesssment proceedings are complete and final. In the case of Torrenized land the assessment does not become a lien unless there has been compliance with §8572-56. There appears to be no provision of law which relates the serving of the notice therein provided to the legality of the assessment proceedings. The failure to serve the notice does not affect the legality of the assessment proceeding in any manner. It affects only the lien of such assessment.

Counsel for plaintiff in their reply brief contend that the special assessments involved in this action have been adjudged to be illegal by the decision of the Supreme Court of Ohio in the case of Curry v Lybarger et, 133 Oh St 55, 10 OO 61. The legality of the spe-

cial assessments was neither presented nor considered in that case and the single question therein was, as stated by the court, (page 56) whether a lien could be created against registered lands by filing notice of the legislation levying the assessment more than seven years subsequent to the enactment of such legislation.

The assessment proceedings must be either legal or illegal. If the legality of the assessment proceedings were dependent upon the attachment of the lien where both registered and unregistered lands were involved and no notice had been served upon the registered land, plaintiff's contention would involve a conclusion that the proceedings would be legal as to the registered land and illegal as to the unregistered land. Or, if by reason of failure to perfect the lien upon registered land, it were held that the assessment proceeding were illegal, then, if such failure occurred in relation to a single lot the entire proceeding would be invalid.

While the effect of a law is not determinative of its legality, the consequences which would follow were plaintiff's contention sustained, are confirmatory of the conclusion that such contention is not tenable.

The only case which seems to be directly in point is that of Ede v Cuneo, 56 Pac. (Calif.) 388, which sustains the proposition that the failure to perfect a lien under an assessment proceeding does not invalidate the assessment.

The equities of the village and registered property owners is emphasized in the briefs of counsel. Whatever the equities the court is, of course, bound to follow the law and the rule governing the court is:

"* * * that all statutes imposing taxes and public burdens of that nature are to be strictly construed and any doubt as to construction or effect must be resolved in favor of those on whom the burden is sought to be imposed." Curry v Lybarger, supra.

Undoubtedly the decision of Curry v Lybarger, relieving registered property owners from payment of the costs of special improvements benefiting their property and throwing that cost upon the general taxpayers of the village imposes an inequitable burden upon those taxpapers. Upon the other hand, if the property has passed into the possession of a purchaser who has relied upon the registration certificate, it would be inequitable to require him to pay again for improvements for which he had once paid in his purchase price. If the equities were balanced it would seem that that of such purchaser undoubtedly would be superior. The loss to the village arises from the neglect of its officials to comply with the law. The loss to the purchaser would accrue by his reliance upon the law and without any fault or neglect upon his part.

Substantially every decision upon the Torrens Act emphasizes that the fundamental concept of this Act is to permit those dealing with registered land to rely upon the registration certificate. It must, to carry out the purpose for which it was enacted, provide, and does clearly and postively provide, that all claims against the land of any kind legal or equitable are cut off unless they are registered according to the provisions of the Act.

The Torrens law is not unique in its provisions in this regard. Various statutes bar the enforcement of a claim recognized as valid, unless asserted within the time and in the manner fixed by law, regardless of the claimant's equity. Statutes of limitation, statutes governing mechanic's liens, negotiable instruments, motions for new trial, etc., are examples. The village could lose an existing lien for special assessments, if its officials neglected to comply with §3906 of the statutes.

It is therefore the judgment of the court:

First: That the special assessments heretofore levied do not constitute a lien against the lands of the defendants herein.

Second: That the plaintiff has no

right to enforce the collection of such assessments against said land.

Third: That the assessment proceedings under which said assessments were levied are not illegal and that the plaintiff has no right to re-assess for the improvements involved under the provisions of §§3902 and 3903, GC.

Insofar as the prayer of the defendant seeks a judgment declaring that its lands are not liable for the special assessments heretofore levied, as set up in the pleadings, and that an injunction issue restraining the village from asserting or attempting to assert any lien thereunder, the prayer is granted.

Insofar as the prayer seeks to restrain any future legislative action of the village the prayer is denied.