Langsdale *et al.*, Trustees, *v*. Nicklaus.

---

## LANGSDALE ET AL., TRUSTEES, *v*. NICKLAUS.

CITY.—*Street Improvement.*—*Lien.*—Although the work under a contract for the improvement of a street in a city be completed, yet the lien therefor does not attach to the property adjoining until the estimate is made.

APPEAL from the Marion Circuit Court.

WORDEN, C. J.—This was an action by the appellee against the appellants to recover the purchase-money for

certain real estate in the city of Indianapolis, and to enforce a vendor's lien.   Finding and judgment for the plaintiff.

The defendants below, who appeal to this court, were required to answer under oath certain interrogatories, of which they complain; but as the answers do not appear to have been given in evidence, we do not see that they could have been injured thereby.

The only other question in the cause grows out of the following facts:

1st. On the 25th of September, 1868, the plaintiff sold and conveyed to the defendants, by warranty deed, the real estate in question, leaving a portion of the purchase-money unpaid. ·

2d. On the 15th day of June, 1868, a contract had been let, under the authority of the city, for a street improvement along the side of the property, and the work had been completed at the time of the sale and conveyance.

3d. The estimate for the improvement was made and approved by the city council on the 13th of October, 1868.

4th. The defendants have been compelled to pay the amount assessed against the property to save it from sale, and they seek to recoup that amount against the purchase-money unpaid.   This claim of the defendants was disallowed by the court below.

If the claim should have been allowed, it must have been upon the theory that there was a breach of the covenant, in the deed, against incumbrances; and the question arises, whether the assessment for the street improvement was an incumbrance at the time of the execution of the deed.   The work had been done at that time, but no estimate had been made thereof, and consequently there was no means of knowing, by record, the amount for which the property would become liable.   The statute provides for making estimates, from time to time, for work done, and that "such estimate shall be a lien upon the ground upon which they are assessed, to the same extent that taxes are a lien, and shall have the same preferences over other demands."   3

Ind. Stat. 100, sec. 70. We think that unless the lien for the improvement had attached at the time of the execution of the deed, there was no breach of the covenants; and it seems to be clear that the lien did not and could not attach until the estimate was made. It is the estimate that constitutes the lien; and until the estimate was made, no lien by virtue of such estimate could be created. For analogous cases, see *Green* v. *Green*, 16 Ind. 253; *Waldo* v. *Walters*, 17 Ind. 534.

We are of opinion that no error was committed in disallowing the claim.

The judgment below is affirmed, with costs.

*J. E. McDonald*, *J. M. Butler*, and *E. M. McDonald*, for appellants.

*J. R. Troxell* and *W. R. Manlove*, for appellee.

