## AUGUSTA C. TIBBETTS *vs.* ROBERT LEESON.

Essex.    November 8, 1888. — November 28, 1888.

Present: MORTON, C. J., FIELD, DEVENS, C. ALLEN, & KNOWLTON, JJ.

*Deed — Covenant against Incumbrances — Cloud upon Title —*
*Nominal Damages.*

A deed containing the usual covenant against incumbrances was given at a time when invalid tax deeds of the premises to other persons were upon record, and the grantee first brought an action to recover for breach of such covenant, and afterwards expended money in removing the apparent incumbrances. *Held,* that the grantee was not entitled to recover either nominal damages or his outlays, although a new cause of action had accrued under the Pub. Sts. c. 126, § 18.

CONTRACT to recover for breach of the covenant against incumbrances, in a deed of land given by the defendant to the

plaintiff. Trial in the Superior Court, before *Thompson*, J., who ordered a verdict for the defendant; and the plaintiff alleged exceptions. The facts appear in the opinion.

*C. Lamson*, for the plaintiff.

*W. H. Niles*, for the defendant.

DEVENS, J. The covenant against incumbrances in an ordinary deed of conveyance extends to all adverse claims or liens on the estate conveyed, whereby the same may be defeated wholly or in part, whether the claims be uncertain, contingent, or otherwise. *Shearer* v. *Ranger*, 22 Pick. 447. At the time the deed to the plaintiff was made, there were on record four tax deeds of the premises to other persons, but the plaintiff did not claim that any valid title had passed by either of them. They did not therefore constitute any incumbrance upon the plaintiff's estate when she brought her action. Her estate could in no way be defeated or diminished by their existence on the record.

The Pub. Sts. c. 126, § 18, provide: "Whoever conveys real estate by deed or mortgage containing a covenant that it is free from all incumbrances when an incumbrance appears of record to exist thereon, whether known or unknown to him, shall be liable in an action of contract to the grantee, his heirs, executor, administrator, successors, or assigns, for all damages sustained in removing the same." Subsequently to the commencement of the action, the plaintiff made certain expenditures in removing these apparent incumbrances from the record by obtaining releases, recording them, etc. Although the plaintiff had made no such expenditures at the time of bringing her action, she contends that she was then entitled to nominal damages, and at the time of the trial was entitled, in addition, to the expenses which she had then actually incurred. This claim cannot be maintained. The statute was not intended to declare that to be an incumbrance which was not so according to legal definition, but, in view of the embarrassment arising from titles appearing by the record, yet having no actual existence in fact, parties actually removing the same, who had received a deed containing a covenant against incumbrances, were enabled to obtain the damages sustained thereby. What effect, if any, the section may have as to the rule of the common law, that an action on this covenant cannot be brought by the heir or

assignee of the covenantee in case there was in fact an incumbrance also on record, we have no occasion now to consider. *Clark* v. *Swift*, 3 Met. 390. Crocker, Notes on the Public Statutes, 229.

When the plaintiff brought her action, she could not do so for breach of covenant, as that was not broken by the existence of a record title of the premises which had no validity, and she was not within the statute, as she had then sustained no damage by reason of a removal of this apparent title. When she actually removed the record title, she had a right of action which had no existence at the time of bringing her action. The damages she sustained in doing this have no connection with this action. The cases in which it has been held that money paid after action brought, to extinguish an incumbrance, may be recovered, have no application to the case at bar. The gist of the action in those cases is the breach of the covenant against incumbrances; if nothing had been paid, the plaintiff would then be entitled to recover nominal damages, as the existence of any outstanding paramount title would, of necessity, be to some extent a diminution of the value of the estate. If such title is extinguished, or incumbrance paid off, no new right of action is created, although the damages for the breach may thereby be ascertained. *Leffingwell* v. *Elliott*, 10 Pick. 204. *Brooks* v. *Moody*, 20 Pick. 474.

*Exceptions overruled.*