CHARLES E. BARNHART, Appellant, v. JULIUS C. HUGHES *et al.*, Respondents.

Kansas City Court of Appeals, June 25, 1891.

Covenant for Title: INCUMBRANCES : BENEFIT ASSESSMENT FOR STREET IMPROVEMENT : ATTACHMENT OF LIEN : SUBSTANTIAL DAMAGES. The lien of the assessment of benefits for street improvement, and of the judgment thereunder, attaches as of the date of the approval of the ordinance, and constitutes an incumbrance for which the covenantor must answer to the covenantee who discharges such lien, although the amount of such lien was not ascertained until after the making of the covenant, the covenantee in the meantime having had and enjoyed the property. And he is entitled to recover the actual damages sustained, as the covenant will run with the land and remain alive in the hands of a subsequent grantee who may be compelled to remove the incumbrance ; for, then, the substantial breach occurs, and a substantial recovery may be had.

*Appeal from the Jackson Circuit Court.*—HON. JOHN W. HENRY, Judge.

REVERSED AND REMANDED ( *with directions* ).

*Lathrop, Morrow & Fox*, for appellant.

(1) The lien of the assessment of benefits, and of the judgment rendered thereunder, attached as of the

Barnhart v. Hughes.

date of the approval of the ordinance for the opening of the street. Charter, City of Kansas, art. 7, sec. 5; Revised Ordinances, 1888, p. 64; *Blossom v. Van Court*, 34 Mo. 390; *McLaren v. Sheble*, 45 Mo. 130. (2) A covenant against incumbrances runs with the land to the extent, at least, that, while it is technically broken at the time the deed is made, the substantial right of action arises when the covenantee is compelled to pay money in order to discharge an incumbrance. *Winningham v. Pennock*, 36 Mo. App. 688; *Taylor v. Priest*, 21 Mo. App. 685; *Priest v. Deaver*, 22 Mo. App. 276; *White v. Stevens*, 13 Mo. App. 240; *Walker v. Deaver*, 79 Mo. 664; *Wyatt v. Dunn*, 93 Mo. 463; *Blaikie v. Hudson*, 117 Mass. 181; Elliot on Roads & Streets, p. 555; *Cadmus v. Fagan*, 47 N. J. L. 547; *Commissioner v. Linden*, 40 N. J. Eq. 27; *White v. Strechl*, 22 N. J. Eq. 76. (3) The only question being as to the *quantum* of damages the appellate court should render judgment for the full amount, without remanding the case. *Blossom v. Van Court*, 34 Mo. 390.

*Lyon & Ryland* and *C. O. Tichenor*, for respondents.

(1) Yet the covenant against incumbrances refers to those existing at the date of the deed; if there is one it is broken so soon as the deed is executed. How can a matter hanging upon so many doubts be considered as existing? In the language of the New York decisions it was not an incumbrance, "within the meaning of the covenant against * * * incumbrances in the deed." *Dowdney v. Mayor, etc.*, 54 N. Y. 188; *Patterson v. Arthurs*, 9 Watts, 154; Cooley on Taxation [2 Ed.] 606; *Patterson v. Society*, 24 N. J. 400. (2) The language of the charter is peculiar, "shall be a lien * * * charged from the day the ordinance providing for the improvement takes effect until paid."

"It shall be sufficient to bring in the owners of property who may be such at the date of the passage of the ordinance." It was held in *Stewart v. White*, 98 Mo. 226, that judgment was good, though the owner at the date of the ordinance was not a party. (3) Covenants are to prevent loss, not for the purpose of speculation. The vendor gets no benefit from the prospective improvement which may never come to pass. It does not increase the purchase price. When a final judgment is reached, the improvement is a fact ; not until then. The one who then owns the ground eats the fruit, not the one who sold it years before. True, the owner pays for the improvement; but he gets that for which he pays, exactly the same as if he had built a house on the lot. How can he say he is damaged $1,000, when he actually gets an improvement by that assessment worth $1,000 ? *Bank v. Glen*, 68 N. C. 38 ; *King v. Gilson*, 32 Ill. 355 ; *Chin v. Wagner*, 26 Mo. App. 679 ; *Stebbins v. Wolf*, 33 Kan. 765 ; *Ogen v. Ball*, 36 N. W. Rep. 344 ; *Walker v. Deaver*, 79 Mo. 664 ; *Williamson v. Hall*, 62 Mo. 405 ; *Kellog v. Malin*, 62 Mo. 429. (4) We also refer to the following cases, illustrating the points we make : *Newcomb v. Fiedler*, 24 Ohio St. 463 ; *Mackey v. Harmon*, 34 Minn. 168 ; *Wadhams v. Swan*, 109 Ill. 60 ; *Wetherbee v. Bennett*, 2 Allen, 428 ; *Greene v. Creighton*, 7 R. I. 10 ; *Knowles v. Kennedy*, 82 Pa. 451 ; *McLaughlin v. Miller*, 57 Hun, 430 ; *Prescott v. Truman*, 4 Mass. 627.

ELLISON, J.—This is an action to recover upon a breach of covenants against incumbrances. On January 6, 1887, defendant Hughes conveyed the property in controversy, by warranty deed, to defendant Singleton, with the covenant that "he is lawfully seized of an indefeasible estate in fee, in the premises herein conveyed ; that he has good right to convey the same ; that the said premises are free and clear of any incumbrance done or suffered by him or those under whom he claims ;

and that the said Julius C. Hughes will warrant and defend the title to the said premises unto the said parties of the second part and unto their heirs and assigns against the lawful claims and demands of all persons whomsoever," except as to certain specified matters not in controversy here. On May 23, 1887, defendant Singleton conveyed the said property to William R. Barnhart by warranty deed, with the same covenants above set out. On May 16, 1888, said William R. Barnhart conveyed the same property to this plaintiff, with the same covenants. On April 13, 1886, ordinance 33000, to open, widen and establish Woodland avenue, in Kansas City, was duly passed and approved. The lots in controversy were within the benefit district, prescribed by said ordinance. On January 4, 1890, the plaintiff was compelled to pay off this judgment in order to prevent an execution sale of the property in controversy. The lien of the assessment of benefits, and of the judgment rendered thereunder, attached as of the date of approval of the ordinance for the opening of the street. Charter, City of Kansas, art. 7, sec. 5. The actual work of opening and widening the street was done while the lot was owned by the plaintiff. The case was tried by the court sitting as a jury. Judgment was rendered for plaintiff for nominal damages, from which plaintiff appeals, contending that he is entitled to recover the full amount of judgment and interest paid by him to extinguish the judgment lien.

There is no dispute as to the foregoing facts, and from them we have no doubt of plaintiff's right to recover, not merely nominal, but substantial, damages for a breach of the covenant. It appears conceded, and so the trial judge must have decided, by allowing nominal damages, that the passage of the ordinance created an incumbrance on the property. That the covenant against incumbrances, though technically broken when made, will, nevertheless, run with the land till a substantial breach occurs, was decided, upon full consideration, in

*Winningham v. Pennock*, 36 Mo. App. 688. We there said that a covenant against an incumbrance of like character to the one now in question "will run with the land and remain alive in the hands of a subsequent grantee who may be compelled to remove the incumbrance; for, then, the substantial breach occurs, and a substantial recovery may be had." That case ought to really control this; but it is urged in this case that the improvement out of which the assessment on this property grew was made after the plaintiff became the owner, and that the "benefits" (which are the foundation of the assessment) accrued to this plaintiff, and, therefore, he ought not to recover. We cannot accede to this. The liability for which the lien is given by the charter of Kansas City is the incumbrance, and this dates from the passage of the ordinance. *Blackie v. Hudson*, 117 Mass. 181; *Cadmus v. Fagan*, 47 N. J. L. 549; Elliott on Roads & Streets, 555.

The amount of this liability is ascertained afterwards, but it is covered by the covenant, whatever it may be. It relates back as of the date of the ordinance. It is a settled question in this state that the mere assessment for taxes constitutes an incumbrance for which the covenantor must answer to the covenantee, who pays them, although the amount of the tax was not ascertained until, perhaps, a year afterwards; the covenantee in the meantime having had and enjoyed the property. So the argument advanced by plaintiff would apply equally as well if this was a sewer tax, levied upon a sewer district, instead of a benefit assessment. In such case the incumbrance would exist, and liability would attach to the covenantor, notwithstanding the sewer improvement was put in after the covenantee became the owner.

It was said at the argument that the passage of the ordinance was not the consummation of the tax, and that in a variety of ways it might never be consummated. This, we can readily grant for present purposes;

but, at the same time, it will be admitted that, at least, it probably will be carried out, and, for this very reason, the covenantee takes the covenant against it. These matters, we may well assume, are in the minds of the parties when they agree upon a price and determine upon the kind of conveyance.

As the plaintiff paid $293.90 in discharge of the incumbrance, we will reverse the judgment, and remand the cause, that he may have judgment entered for that sum and interest. All concur.