Filed June 6, 1895.

———————◆———————

No. 1,754.

CAREY *v.* GUNDLEFINGER ET AL.

REAL ESTATE.—*Sewer and Street Assessment Liens Paid by Purchaser and Holder of Equitable Title.*—*When Vendor Liable for Reimbursement, When Not.*—Where real estate is sold and the purchase-price is to be paid in ninety-six monthly installments, a deed for the property to be made to the vendee when seventy-five of such installments have been paid, and in the event of failure to pay the installments as the same mature, the previous payments to be retained by the vendor as rent, and the vendee to forfeit all rights to the property as purchaser thereof, the vendee can not recover from the vendor the amount of sewer and street assessments paid by him to protect the property, and assessed against the property after the contract of sale, unless the legal title should fail to vest in the vendee by reason of his failure to pay the installments as they mature, in which event the vendor would receive the enhanced value of the property on account of the improvements and should reimburse the vendee for the improvement assessments paid by him.

From the Marion Circuit Court.

*J. T. Lecklider*, for appellant.

*Carter & Brown*, for appellees.

DAVIS, J.—On the 1st of February, 1893, appellees were the owners of certain real estate in the city of Indianapolis, and on that day appellees and appellant entered into an agreement in writing in substance and to the effect that the appellant should go into possession of the real estate and should pay ninety-six monthly payments of fifteen dollars each, for which he executed his

notes, and that when seventy-five of said notes should be paid then the appellees should execute to the appellant a good and sufficient warranty deed for said premises, and appellant was at the same time to execute to appellees a mortgage on said real estate securing the balance of said notes remaining unpaid. By the terms of said contract, appellant was to pay all taxes assessed on said property after February 1, 1893. In September, 1893, an assessment for street improvements was made against said real estate, and later in said year a further assessment was made for sewer construction. Appellees refused to pay said assessments, and appellant, in order to protect his rights in and to said property, paid the assessments. The amounts so paid he seeks to recover in this action. A demurrer was sustained to the complaint, and this ruling presents the only question for our consideration.

As between appellant and appellees, which is liable for the payment of said street and sewer assessments?

Where a vendor agrees to convey land at a future time, with covenants of warranty, and, in pursuance of the terms of the agreement, places the purchaser in possession, assessments for street and sewer improvements, made after the execution of the contract but before the execution of the deed, are not incumbrances within the meaning of the contract.

The vendor in such case would, as a matter of course, be liable for any liens or incumbrances existing when the contract was made and also for such as were thereafter created or suffered by the act or default of the vendor. The street and sewer assessments afterwards created for improvements, in pursuance of the provisions of the statute, did not diminish the value of the subject of the contract. The theory of the statute is that the real estate was enhanced in value to the amount of the assessments.

The purchaser and not the vendor received the benefit of the improvements, and we are of the opinion that such assessments are not incumbrances within the meaning of the contract. It is true that the legal title to the property is in appellees, but appellant is the equitable owner thereof on the condition that he complies with the terms of the contract. The presumption is that all the parties will comply with the terms of the contract. If the purchaser, by reason of his failure to pay the monthly installments, should forfeit the previous payments as rent, and the title should not vest in him, in which event appellees would receive the enhanced value of the real estate on account of the street and sewer improvements, it would appear to be just and equitable that they should then reimburse appellant for such assessments paid by him. This question, however, we do not now determine.

We only hold that at this time appellees, while holding the property as purchasers, are not, under the terms of the contract, entitled to recover the street and sewer assessments which they have paid in order to protect the property and to prevent its sale in satisfaction of the liens. In the event of the failure to pay the installments as the same mature, the contract provides that the previous payments shall be retained by appellees as rent, and that appellant shall forfeit all rights to the property as purchaser thereof under the contract, but it does not necessarily follow that he shall not, in such contingency, be entitled to reimbursement for street and sewer improvement assessments which he may have been compelled to pay in order to prevent a sale of the property. In any event, as we view the case, the court did not err in sustaining a demurrer to the complaint.

Judgment affirmed.

Filed June 6, 1895.