MARY A. BOWERS *vs.* NARRAGANSETT REAL ESTATE CO.

JUNE 27, 1907.

PRESENT: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)    *Covenant, against Incumbrances.    Curb-stone Taxes.*

Gen. Laws cap. 48, § 3, provides that "All taxes assessed against the owner of any real estate, shall constitute a lien on such real estate in any town for the space of two years after the assessment, and if such real estate be not aliened, then until the same is collected."

Under the provisions of chapter 72, section 31, the costs of setting curb-stones, after certain preliminary steps, are to be "included in the next assessment of taxes for such town against such land or the owner thereof ":—

*Held,* that such costs did not become taxes until they had been assessed, and it was only as taxes that they were secured by a lien on real estate; and so, where such assessment was not made until after the execution and delivery of a deed of the premises in front of which the curb-stones were laid, there was no breach of the covenant against incumbrances at that time.

COVENANT.   Heard on defendant's exception to decision, sustaining plaintiff's demurrers to defendant's pleas, and sustained.

BLODGETT, J.   To the amended declaration the defendant has pleaded, *first,* that "the charge and apportionment of the cost of the curbing laid in front of the lots belonging to the said defendant, including the premises described in said declaration, and the bill for said cost were not approved by said Board of Aldermen of said City of Providence until after said fifth day of January, A. D. 1906," which was the date of the execution and delivery of the warranty deed in question, and hence that no lien therefor, or incumbrance, attached at the date of said deed; and *second,* that "the calculation of the amount and kind of curbing and the cost thereof was not made separately for the curbing laid in front of the said premises sold to the said plaintiff until more than six months later" than the execution and delivery of said deed; and *third,* "that the said curbing was not laid in front of the premises in said declaration described, nor the cost of the same ascertained, or confirmed by said Board of Aldermen, until after the execution and delivery of the deed in said declaration mentioned."

To these several pleas the plaintiff has demurred, and thereby admits the truth of said averments for the purposes of this inquiry.

It is evident that, upon this state of the pleadings, there was no lien created at the date of the deed. Indeed, the only provisions of the statute creating a lien upon real estate, even for general taxes, are contained in the provisions of sections 2 and 3, of chapter 48, General Laws, as follows:

"Sec. 2. All taxes assessed against any person in any town for either personal or real estate shall constitute a lien on his real estate therein.

"Sec. 3. All taxes assessed against the owner of any real estate shall constitute a lien on such real estate in any town, for the space of two years after the assessment, and, if such real estate be not aliened, then until the same is collected."

Under the provisions of section 31, of chapter 72, the costs of setting curbstones, after certain preliminary steps have been taken, are to be "included in the next assessment of taxes for such town against such land or the owner thereof." We see no reason in principle, and certainly there is no express statutory authority, for the creation of a lien therefor prior to that time, and that this lien is to endure and the collection of the same is to be enforced in the same manner, and under the same provisions of law as other real estate taxes. Indeed, such costs do not become taxes at all until they have been so assessed, and it is only as taxes that they are secured by a lien on real estate. It is admitted by the pleadings that such assessment was not made until after the execution and delivery of the deed in question, and hence it follows that there was no breach of the covenant against incumbrances at that time and that the entry of judgment for the plaintiff was erroneous. *Bradley* v. *Dike*, 57 N. J. L. 471; *Tull* v. *Royston*, 30 Kas. 617; *Lyon* v. *Alley*, 130 U. S. 177.

The defendant's exception to the decision sustaining the plaintiff's demurrers to the defendant's pleas is sustained, and the case is remanded to the Superior Court for further proceedings.

*Peter C. Cannon*, for plaintiff.

*Gardner, Pirce & Thornley*, for defendant.

*William W. Moss*, of counsel.