# Brodie *v.* New England Mortgage Security Co.

## *Breach of Covenant.*

(Decided Feb. 26, 1910.    51 South. 861.)

1. *Covenants; Encumbrances; When Broken.*—The covenant against encumbrance is one in praesenti, broken when made, if there be an outstanding encumbrance diminishing the value, use or enjoyment of the land conveyed.

2. *Same; Encumbrance.*—An encumbrance is every right to or interest in land granted, to the diminution of the value, but consistent with the passing of the fee, and it is only necessary that it confer upon the owner some interest in or right to some profit or lawful use of the land, and any burden which diminishes the full measure or enjoyment of the land, or renders it less useful or less salable, is an encumbrance although the entire fee passed by the conveyance; hence, an outstanding right in a third party to extract rosin from pine timber conveyed is an encumbrance, and if not excepted from a deed with full covenants of warranty, covering the timber or lands upon which it stands, will constitute an actionable breach.

3. *Same; Breach; Evidence.*—Where the action was for breach of covenant in a deed and the breach alleged was that defendant had given a third person the right to extract rosin from the pine timber on the land, contracts and letters between defendant and one M. showing that the covenantor had authorized him to lease the lands for turpentine purposes, and that the leases were made, and the covenantor received the agreed consideration for the leases, with full

knowldge of all the facts, were admissible to show the existence of the encumbrance on the property, and it was not necessary that the letters or leases should have been so executed by the covenantor as to pass the fee or any part thereof to the lands.

APPEAL from Butler Circuit Court.

Heard before Hon. J. C. RICHARDSON.

Action by E. A. Brodie against the New England Mortgage Security Company for breach of covenants against encumbrance. Judgment for defendant and plaintiff appeals. Reversed and remanded.

L. M. LANE, and HAMILTON & LANE, for appellant. The facts are deemed relevant as evidence which logically tend to prove or disprove the issue.—*Steen v. Swadley,* 126 Ala. 633. An encumbrance need not convey the legal title. Any title or right that restricts the use or diminishes the enjoyment of the property is an encumbrance, and for the breach of which suit may be maintained on covenants of warranty against encumbrance.—*Copeland v. McAdory,* 100 Ala. 553; *Frix v. Miller,* 115 Ala. 481; Tiedman on Real Property, 852. If the covenantor received the price for said leases it ratified the lease made by McGhee although it had not consented to the making of the lease.—*Jones v. Atkinson,* 68 Ala. 167; s. c. 72 Ala. 248; 1 L. R. A. 736 and notes; 1 A. & E. Ency. of Law, 1196 and notes. Written contracts executory in terms may be altered or modified or rescinded, with or without writing, and without other consideration than mutual consent.—*Wiggs v. Winn,* 127 Ala. 621; *Badders, et al. v. Davis,* 88 Ala. 367.

A. E. GAMBLE, for appellee. No brief came to the Reporter.

MAYFIELD, J.—The action is covenant. Each count is for breaches of covenants against incumbran-

ces. A covenant against incumbrances is one in præs-enti, broken when made if there be an outstanding in-cumbrance diminishing the value, the use, or enjoyment of the land conveyed. Each count sufficiently de-scribes the deed containing the covenant, setting out the covenant broken,. and describes the lands conveyed and the outstanding incumbrance which is alleged to constitute the breach. The nature, character, and ori-gin of the covenant and incumbrance are sufficiently stated. The outstanding right in a third party to ex-tract rosin from the pine timber conveyed is an incum-brance, and, if not excepted from a deed with full cove-nants and warranties covering the timber or lands upon which it grows, will constitute an actionable breach.

An incumbrance is defined to be "every right to or interest in land granted, to the diminution of the value of the land, but consistent with the passing of the fee by the conveyance."—*Prescott v. Truman,* 4 Mass. 627, 3 Am. Dec. 246; *Copeland v. McAdory,* 100 Ala. 557, 13 South. 545; *Tuskegee Land Co. v. Birmingham Realty Co.,* 161 Ala. 542, 49 South. 378. It is, therefore, not at all necessary that the incumbrance pass the fee to any part of the freehold. In fact, a part of the definition of an incumbrance is that it is consistent with the passage of the fee by the deed or grant containing the covenants against incumbrances. It is only necessary that the in-cumbrance confer upon its owner some interest in or right to some profit, dominion, or lawful use out of or over the land. Any burden upon the estate granted, which diminishes the full measure of its enjoyment, or renders it less useful or less salable, is an incumbrance, though the entire fee to all the lands granted pass by the conveyance containing covenants against incum-brances.

[Brodie v. New England Mortgage Security Co.]

Plaintiff filed interrogatories to defendant, the adverse party, as is authorized by the statutes in this state. The interrogatories were answered by the defendant, and the answers were offered in evidence on the trial by plaintiff. The answers and exhibits thereto tended to prove the existence of the incumbrances alleged in the complaint. The exhibits consisted of correspondence between the defendant covenantor and one J. A. McGehee, and also contracts between them as to leases of part of the lands conveyed to plaintiff for turpentining such lands. These appear to be the same leases alleged in the complaint as breaches of covenants against incumbrances. The trial court, on motion of the defendant corporation, excluded these contracts and letters between the defendant grantor and McGehee, relating to these leases, on the ground that the leases were not executed by the corporation in the manner prescribed by law for the conveyance of lands by a corporation, and because they conveyed no part of the title to the lands in question, and the letters on the ground that they contained only a conditional consent for the lease of the lands, and on the further ground that the exhibits were irrelevant, immaterial, and illegal. The letters were admitted to have been written by the defendant. The answers of defendant and the exhibits showed that it not only authorized McGehee to lease the lands for turpentine purposes, as alleged in the complaint, and that the leases were made by McGehee as alleged and authorized, but also show that defendant, with full knowledge of all the facts, received the consideration agreed for the leases, and thereby ratified the leases. Having accepted the benefits of such leases, it ought not now to be allowed to deny them.

It was not at all necessary that the letters or leases should have been so executed by the corporation as to

[National Life & Accident Insurance Co. v. Lokey.]

pass the fee, or a part thereof, to any part of the lands conveyed. They clearly constituted an incumbrance. It is shown that the lessees went into possession under the leases and paid the purchase price, which made them valid, so as to constitute an incumbrance. Knowledge on the part of the grantee of an incumbrance on the lands conveyed, such as the one alleged in the complaint, does not estop him from recovering of the grantor all damages by a breach of the covenants of his deed against such incumbrances. Probably the grantee relied upon the covenant, and would not have accepted the deed but for the covenant. The grantor should have excepted this lease from his covenant, if he desired not to be bound thereby.—*Copeland v. McAdory*, 100 Ala. 553, 13 South. 545; Teideman on Real Prop. 853.

The trial court therefore erred in excluding these exhibits to the defendant's depositions, which thus tended to prove the lease alleged. The judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and SAYRE, JJ., concur.