*John B. Stevens*, with him *Garrett B. Stevens*, for appellee.

PER CURIAM, April 25, 1910:

The judgment is affirmed on the opinion of Judge END-LICH.

---

## Fisher, Appellant, *v.* Reading Realty Company.

*Vendor and vendee—Articles of sale—Real estate—Covenants—"Good and complete" title—Assessment for sewer—Municipal claims.*

1. Where articles for the sale of real estate provide that taxes for the year preceding and years prior to that, shall be paid by the vendor, but no mention is made of an assessment for a sewer under construction, the amount of which could not be ascertained until long after the date of the agreement, the vendor is not liable under a covenant in the agreement providing for the title "to be good and complete," to repay to the vendee the amount of such assessment paid by the latter after it was levied.

2. In such a case a mere statement by the vendor in the course of negotiations that "the sewers were in, and that increased the value of the property," implies no undertaking to indemnify the purchaser for the claim of the city by reason of the construction of the sewers.

Argued March 1, 1910.  Appeal, No. 30, Jan. T., 1910, by plaintiff, from judgment of C. P. Berks Co., Aug. T., 1909, No. 131, on verdict for defendant in case of William E. Fisher v. Reading Realty Company.  Before FELL, C. J., BROWN, MESTREZAT, POTTER and STEWART, JJ.  Affirmed.

Assumpsit on a covenant in articles for sale of real estate.

By articles dated March 21, 1907, the defendant sold to the plaintiff certain real estate the stipulated consideration being the payment of $1.00 in cash, the conveyance of certain properties equivalent to $2,450, and the execution of a first and second mortgage to secure the balance of the price agreed—"settlement to be made within 5 days from the date" of the articles—"taxes in full for

the year 1906 and previous to be paid by the present owners"—and "title to be good and complete." At the date of the agreement a house sewer was in process of construction by the city of Reading along the street upon which the land sold to the plaintiff fronted, and it appeared from the testimony that practically it was completed in front of the property in question some time before the date of the agreement. The ordinance authorizing the work and directing the assessment of the cost upon abutting properties had been approved on August 7, 1905. The amount chargeable against the particular property involved was not ascertained and could not have been finally ascertained until some time after the date of the transaction, and according to the evidence was not ascertained until November 4, 1907. The amounts were paid on November 9, 1907, on December 5, 1907, and on April 12, 1909, amounting to over $1,500, by the plaintiff, who was the purchaser of the property. Suit was brought to recover these payments.

At the trial the court gave binding instructions for defendant.

Verdict and judgment for defendant. Plaintiff appealed.

On a rule for a new trial ENDLICH, P. J., filed the following opinion:

The decision of this court refusing to enter judgment for want of a sufficient affidavit of defense in the above-stated case: see 1 Berks Co. L. J. 31, having been sustained upon appeal to the Superior Court: see 38 Pa. Superior Ct. 458, the cause came on for trial at September Term, 1909. There was no conflict of evidence. Indeed, the defendant submitted no testimony. It was conceived that every question material to the disposition of the cause was ruled by the decisions above referred to. Accordingly, the jury was instructed to render a verdict for defendant, which having been done, this rule was entered at plaintiff's instance. In support of it, it is

contended (1) that the construction of the sewer under the ordinance and contract of the city constituted an incumbrance covenanted against by the agreement of the parties for the conveyance of a "good and complete" title, and (2) that the court erred in rejecting plaintiff's offer to show a certain conversation between plaintiff and one of the officers or agents of defendant company, pending the negotiations for the sale of the property here involved, which, it is alleged, shows that payment of the sewer assessment by defendant was contemplated.

1. It would seem that the first of these contentions is conclusively disposed of by the decision of the Superior Court that "a fair construction of the entire agreement leads to the conclusion that the covenant upon which the plaintiff relies was not intended to apply to such a claim," —i. e., to the claim of the municipality for the cost of the sewer under construction along the property. It will be noticed that the decision expressly avoids as immaterial the question whether at the time of the agreement that claim "was or was not an incumbrance upon the property." Doubtless in a certain sense the sewer itself may be regarded as an incumbrance. But it is not asserted that that constituted a breach of any covenant contained in the agreement; nor perhaps, because of the notorious and visible character of this construction, could it. On the other hand, the claim of the city for the cost of the sewer could not be an incumbrance in any sense unless made so by statute. The ruling of the Superior Court that, whether so made or not, it was not covered by any stipulation of the agreement so as to entitle plaintiff to reimbursement for his payment to the city on account of the sewer construction, is of course binding upon this court and leaves nothing more to be decided on this question.

2. The trouble about the plaintiff's second contention apart from any question of the admissibility of the proposed evidence upon other grounds, is that it did not tend to prove what it was offered for. It was proposed to show that, while the negotiations between plaintiff

and defendant for the purchase and sale of the property were going on, plaintiff objected to the price asked of him as too high, and that the reply made to him was that "the sewers were in and that increased the value of the property." There was no pretense that the payment of the cost of the sewer by defendant was mentioned or promised. If it had been, the case might possibly come within the principle of Buckley's App., 48 Pa. 491. Nor is any assumption of liability by defendant inferable from the terms of the conversation as set forth in the offer. The mere statement, in answer to a suggestion of the excessiveness of the price demanded, that the presence of the sewer justified it, certainly implied no undertaking to indemnify the purchaser for the claim of the city by reason of its construction. It simply amounted to an assertion that the property, in view of the situation as it was, was worth more than it would otherwise be. For this reason, remembering that the written contract was so made as not to impose any liability upon defendant for the cost of the sewer, it is not believed that any error was committed in rejecting the plaintiff's offer.

The rule to show cause is discharged.

*Errors assigned* were (1) refusal to permit a witness for plaintiff to testify as to statements made as to sewers in the property and the consequent increased value of the property therefrom; (3) in giving binding instructions for defendant.

*John B. Stevens*, with him *C. H. Ruhl* and *G. B. Stevens*, for appellant, cited: Barnes v. Black, 193 Pa. 447; Lafferty v. Milligan, 165 Pa. 534; Sneathen's Est., 22 Pa. Superior Ct. 45.

*Cyrus G. Derr*, with him *Paul H. Price*, for appellee.

PER CURIAM, April 25, 1910:

The judgment is affirmed on the opinion of Judge END-LICH.