## First Church of Christ, Scientist, of New Albany *v.* Cox et al.

### [No. 7,220.    Filed May 6, 1911.]

1. **Municipal Corporations.**—*Street Improvements.*—*Liens.*—*Time of Attaching.*—A lien for street improvements attaches at the time of the adoption of the report of assessment of benefits as made by the city commissioners, or as changed or amended by the common council (§3623d Burns 1901, Acts 1901 p. 534, §4). p. 538.

2. **Deeds.**—*"Lien."*—*"Encumbrance."*—The word "encumbrance" is more comprehensive than the word "lien" and embraces liens and also other burdens resting on the real estate or the title, which tend to lessen its value or to interfere wih its enjoyment. p. 538.

3. **Covenant.**—*Deeds.*—*Street Improvement.*—*Liens.*—*Time of Attaching.*—A grantor who conveyed a lot by a warranty deed is not liable for a breach of covenant, where a street improvement fronting thereon, made under the act of 1901 (Acts 1901 p. 534, §4, §3623d Burns 1901), had been completed prior to the date of the deed, but where the assessment therefor was not made until afterward.    p. 539.

From Floyd Circuit Court; *William C. Utz*, Judge.

Action by the First Church of Christ, Scientist, of New Albany, against Attilla Cox and another.    From a judgment for defendants, plaintiff appeals.    *Affirmed.*

*Harold Taylor* and *Jewett & Jewett*, for appellant.
*Alexander Dowling*, for appellees.

Lairy, P. J.—Appellant filed a complaint in the Floyd Circuit Court against appellees, to which a demurrer for want of facts was sustained. Appellant excepted, and refused to plead further, and assigns this ruling of the trial court as error, which presents the only question to be decided on appeal.

It appears from the complaint that appellee Attilla Cox, being the owner of certain described real estate in the city of New Albany, conveyed it to appellant by warranty deed, his wife, Kate M. Cox, joining him in such conveyance. It further appears that prior to the date of said conveyance the city of New Albany had let a contract to the Barber Asphalt Paving Company for the improvement of Main street in said city, by paving with asphalt, from Pearl street to Gault street, that the real estate described abuts on the portion of the street improved under this contract, and that it became liable to be assessed for its proportionate share of the cost of said improvement.

It is averred that the contract for this improvement was let on July 8, 1903, and that the work was fully completed prior to May 21, 1907, at which time the deed from appellees to appellant was executed; that in July, 1908, the board of public works of the city of New Albany made an assessment of $320.40 against the real estate described, as its proportionate share of the cost of said improvement; that after said final assessment was approved and adopted it was certified to the treasurer of New Albany, was placed on the assessment roll in the office of said treasurer, and became and was a valid lien against said real estate; that, after said assessment came due, the city of New Albany threatened to enforce the lien, by the sale of the real estate described, and that appellant, in order to save said real estate from sale, was compelled to pay and did pay said assessment, together with the sum of $5.28 as interest and costs. It thus appears from the complaint that appellees on May 21, 1907, executed a deed to appellant for said real estate, with full covenants of warranty. At that time the street improvement described had been fully completed, but the assessment was not made for more than a year after the deed was executed.

The question is, Was the real estate free from liens and encumbrances at the time the conveyance was made, within

the meaning of the covenant? If it was not, the complaint states a cause of action against Attilla Cox; but, if it was, the complaint is insufficient as to both appellees, and the demurrer was properly sustained.

It is clear that the assessment in question was not a lien on the real estate described at the date of the conveyance, as the act of 1901 (Acts 1901 p. 534, §4, §3623d Burns 1901), under which the assessment seems to have been made, provides that the adoption of the report of assessment of benefits, as made by the city commissioners or as changed or amended by the common council, shall constitute the assessment of benefits or damages for such improvement, and the several amounts therein set out as assessments against the respective lots, tracts of land or parcels of ground shall be a lien thereon from the date of such action by such common council, and shall thereafter bear interest at the rate of five per cent per annum.

Appellant concedes that the cost of the improvement was not a lien on the real estate at the date of the deed, but insists that it was, nevertheless, such a charge against it as amounted to an encumbrance. It is true that a distinction has been made between a lien and an encumbrance. "Encumbrance" is a more comprehensive term than "lien." It includes liens, and also other burdens resting either on the real estate itself, or on its title, which tend to lessen its value or to interfere with its free enjoyment. Thus, a right of way or other easement, affecting real estate in favor of a person other than the owner or in favor of a dominant estate, has been held to be an encumbrance. *Clark* v. *Swift* (1841), 3 Met. (Mass.) 390; *Roberts* v. *Levy* (1867), 3 Abb. Pr. (N. S.) 311; *Mitchell* v. *Warner* (1825), 5 Conn. 497, 527. So, also, conditions in deeds, which limit, or otherwise interfere with, the free use and enjoyment of the land by the owner, have been held to be encumbrances. *Jenks* v. *Ward* (1842), 4 Met. (Mass.) 404; *Adams* v. *Reed* (1895), 11 Utah 480, 40 Pac. 720.

The courts of some states have held that real estate, so situated as to be liable to an assessment for the cost of constructing a street or other public improvement, be-
3. comes burdened with an encumbrance for the cost of such improvement as soon as the work is completed, under a statutory proceeding which requires the cost to be paid by assessments against the real estate. Such courts hold that, as soon as the work is completed, under such statutory proceeding, a right to have the real estate benefited assessed for the cost of such improvement subsists in the contractor, and that this right so subsisting is a burden upon the real estate, from which it can be relieved only by the payment of such assessment as may be imposed. In those states, this burden is recognized as an encumbrance, even though the statute provides that the assessment shall not become a lien until a later time, and a vendor of such real estate, who conveys after a completion of the work, and before the assessment becomes a lien, is held liable upon his covenant against encumbrances for the amount of the assessment afterwards imposed, and collected from his vendee. *Cotting* v. *Commonwealth* (1910), 205 Mass. 523, 91 N. E. 900; *Lafferty* v. *Milligan* (1895), 165 Pa. St. 534, 30 Atl. 1030; *Green* v. *Tidball* (1901), 26 Wash. 338, 67 Pac. 84, 55 L. R. A. 879.

The rule announced in these cases has never been recognized in this State. The decisions of our Supreme Court make no distinction between the lien of the assessment provided by statute and the encumbrance imposed by the cost of the improvement, but hold that there is no encumbrance against land on account of the cost of a public improvement until the lien of the assessment attaches, as provided by statute. *Langsdale* v. *Nicklaus* (1871), 38 Ind. 289; *Jones* v. *Schulmeyer* (1872), 39 Ind. 119.

The decisions of other states bearing upon this question are conflicting. An attempt to reconcile them would be useless, and it would not be profitable to spend time in re-

viewing them. In this State the question must be regarded as settled against the contention of appellant.

In the case of *Langsdale* v. *Nicklaus, supra,* the court said: "If the claim should have been allowed, it must have been upon the theory that there was a breach of the covenant, in the deed, against encumbrances; and the question arises, whether the assessment for the street improvement was an encumbrance at the time of the execution of the deed. The work had been done at that time, but no estimate had been made thereof, and consequently there were no means of knowing, by record, the amount for which the property would become liable. The statute provides for making estimates, from time to time, for work done, and that 'such estimate shall be a lien upon the ground upon which they are assessed, to the same extent that taxes are a lien, and shall have the same preferences over other demands.' Davis's Supp. (1870) p. 100, §70. We think that unless the lien for the improvement had attached at the time of the execution of the deed, there was no breach of the covenants; and it seems to be clear that the lien did not and could not attach until the estimate was made. It is the estimate that constitutes the lien; and until the estimate was made, no lien by virtue of such estimate could be created."

We think it is safe to assume that the legislature, by fixing a time when the lien of the assessments made for public improvements should attach to the real estate, intended to provide, as between vendor and purchaser, that, where conveyances were made prior to that date, the purchaser should bear the cost of the improvement; and when made after that date, such cost should be borne by the vendor, unless otherwise specifically provided by contract.

The court did not err in sustaining the demurrer to the complaint. Judgment affirmed.