ROBISON ET AL. v. CATO.

[No. 11,309.    Filed January 5, 1923.    Rehearing denied April
6, 1923.]

1. COVENANTS.— *Deeds.*— *Warranties against Incumbrance.*—
*Scope.*—Under §§6144, 6146 Burns 1914, Acts 1907 p. 508, estimated benefits resulting from the construction of a drain becomes a lien on the land when the report of the drainage commissioners is approved and confirmed by the court, and where, at the time of a conveyance of land, a drainage proceeding was pending, but the commissioners' report had not been approved, the lien of the assessment, not having been in existence, did not constitute a breach of the covenant of warranty. p. 531.

2. VENDOR AND PURCHASER.— *Public Improvements.*— *Assessments becoming Liens after Conveyance.*— *Liability.*— Where land is conveyed when an improvement proceeding is pending, but which proceeding does not result in a lien until after the conveyance, the obligation to pay the assessment rests on the grantee. p. 531.

From Pike Circuit Court; *John K. Chappell,* Judge.

Action by Austin J. Cato against Edward J. Robison and others. From a judgment for plaintiff, the defendants appeal. *Affirmed.*

*Arthur H. Taylor* and *Robison & Stilwell,* for appellants.

*S. E. Dillon, Frank Ely, James P. Duncan* and *Thomas Duncan,* for appellee.

DAUSMAN, J.—This action was instituted by Austin G. Cato to recover on two promissory notes and to foreclose a mortgage on real estate. By his deed of general warranty, Cato conveyed certain real estate to Edward J. Robison, and the latter executed certain promissory notes for the unpaid balance of the purchase price, and also a mortgage on the real estate to secure the payment of the notes. The deed is dated July 17, 1918. At the time of the conveyance a drainage proceeding was pending in a court of competent jurisdiction, which proceed-

ing involved the land conveyed. The drainage commissioners estimated that the benefits to this land, by reason of the proposed drainage, would be $2,737. The report of the drainage commissioners was not approved and confirmed by the court until sometime after the date of the conveyance. Robison paid the ditch assessment, and in the foreclosure proceeding he sought to have the amount thereof set off against the amount due on the notes. The trial court ruled that he was not entitled to the set-off; and that ruling of the court constitutes appellants' only grievance.

The estimated benefits stated in the report of the drainage commissioners became the tentative assessment against the land and a lien thereon when 1, 2. the report was approved and confirmed by the court, and not until then. §§6144, 6146 Burns 1914, Acts 1907 p. 508. The lien of the assessment, not having been in existence at the time of the conveyance, did not constitute a breach of the covenant of warranty in the deed executed by Cato. Furthermore, where land is conveyed when an improvement proceeding is pending, but which proceeding does not result in a lien until after the conveyance, the obligation to pay the assessment rests on the grantee. That rule rests on the theory that the benefits resulting from the improvement inure to the grantee. See *Langsdale, Trustee* v. *Nicklaus* (1871), 38 Ind. 289; *Jones* v. *Schulmeyer* (1872), 39 Ind. 119; *Carey* v. *Gundlefinger* (1895), 12 Ind. App. 645, 40 N. E. 1112; *First Church of Christ, etc.* v. *Cox* (1911), 47 Ind. App. 536, 94 N. E. 1048; *Kimberlin* v. *Templeton* (1913), 55 Ind. App. 155, 102 N. E. 160. The trial court did not err in its ruling.

The death of Edward J. Robison having been suggested to the court, the judgment is affirmed as of the date of submission.