(104 So. 415)

## BAILEY et al. v. LEVY. (2 Div. 855.)

(Supreme Court of Alabama. April 23, 1925.)

1. **Covenants** ⬤⇒96(6)—**Covenant of warranty against incumbrances in option and deed held not breached by assessment for street improvements; "incumbrance."**

Covenant of warranty against incumbrances in option and deed conveying real property *held* not breached by assessment for street paving against property named therein, in view of Code 1923, § 2199, assessment not becoming a lien until confirmed by municipal authorities, at which time ownership was in grantee; an "incumbrance" conferring on its owner some interest in or right to some profit, dominion, or lawful use over the land, and diminishing full measure of its enjoyment or rendering it less useful or salable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Incumbrance (On Title).]

2. **Covenants** ⬤⇒96(1)—**Covenant against incumbrances broken as soon as deed is executed and delivered.**

Covenant against incumbrances is a covenant in præsenti, and, if broken at all, is broken when deed is executed and delivered, and is not dependent on subsequent facts.

Appeal from Circuit Court, Marengo County; John McKinley, Judge.

Action by J. E. Levy against Edward B. Bailey, Margaret Bailey, and Louise J. Spight for breach of a covenant of warranty. Judgment for plaintiff, and defendants appeal. Reversed and rendered.

L. R. Wilson, of Demopolis, and Pettus, Fuller & Lapsley, of Selma, for appellants.

The improvement lien does not attach until ascertainment of the amount to be assessed. City of Birmingham v. Wills, 178 Ala. 198, 59 So. 174; Long v. Barber Asphalt Co., 151 Ky. 1, 151 S. W. 9; Everett v. Marston, 186 Mo. 587, 85 S. W. 542. The improvement proceeding pending at the time of the covenant, the obligation to pay the assessment rested upon the grantee. Robison v. Cato, 79 Ind. App. 530, 137 N. E. 570; First Church v. Cox, 47 Ind. App. 536, 94 N. E. 1049; Real Estate Corp. v. Harper, 174 N. Y. 123, 66 N. E. 661; Warfield v. Erdman (Ky.) 43 S. W. 708; Bowers v. Narragansett Co., 28 R. I. 365, 67 A. 521; Fisher v. Reading Realty Co., 228 Pa. 98, 77 A. 398; Lathers v. Keogh, 109 N. Y. 583, 17 N. E. 131. Where the contract to convey is made before the improvement is made, and the price fixed is for unimproved land, the purchaser gets the benefit of the improvement, and should be assessed therefor. Gotthelf v. Stranahan, 138 N. Y. 345, 34 N. E. 286, 20 L. R. A. 455; Cornelius v. Kromminga, 179 Iowa, 712, 161 N. W. 625; Green v. Tidball, 26 Wash. 338, 67 P. 84, 55 L. R. A. 879; Etta Contr. Co. v. Bruning, 134 La. 48, 63 So. 619.

Benj. F. Elmore and W. F. Herbert, both of Demopolis, for appellee.

The assessment becomes a lien from the time of the order or resolution fixing the amount of the assessment. Code 1923, § 2199; Green v. Tidball, 26 Wash. 338, 67 P. 84, 55 L. R. A. 879; Lafferty v. Milligan, 165 Pa. 534, 30 A. 1030. There was an incumbrance upon the property at the time of conveyance. Brodie v. New England Mortg. Sec. Co., 166

[2] 212 Ala. 435.

Ala. 170, 51 So. 861; 10 A. & E. Ency. Law, 364; Fagan v. Cadmus, 46 N. J. Law, 441; Tibbetts v. Leeson, 148 Mass. 102, 18 N. E. 679.

THOMAS, J. The suit was for damages for breach of a covenant of warranty against incumbrances contained in the conveyance of real property made by appellants to appellee—the amount of a street paving assessment against the property described in the deed. The trial, without the intervention of a jury, on an agreed statement of facts, resulted in judgment for the plaintiff, and defendants appeal.

The sufficiency of the several counts is challenged by demurrers, which, if overruled, raised the vital question for decision. It may appear to be one of first impression, though bearing similarity to Dothan National Bank v. Hollis, 212 Ala. 628, 103 So. 589.

[1] The question is whether the vendor or the purchaser shall pay for street improvements assessed against the property under the facts set up in the agreed statement of facts, which provides, among other things:

"It is further agreed that in said deed from the defendants to the plaintiff dated February 1, 1922, the grantors did covenant and warrant the property described in said deed as being free from all incumbrances; said covenant of warranty being in the following language, to wit: 'And we do hereby for ourselves and our heirs, executors, and administrators covenant with said grantee, the said J. E. Levy, his heirs and assigns, that we are lawfully seized in fee of the granted premises; that they are free from all incumbrances, and that we have a good right to sell and convey the same as aforesaid; and that we will, and our heirs, executors, and administrators shall, warrant and defend the same to the said grantee, and to his heirs and assigns, forever, against the lawful claims and demands of all persons.' It is further agreed that in said option dated August 11, 1919, the said defendants did covenant with the said plaintiff that they would convey said property to said plaintiff with full covenants of warranty if the said plaintiff should exercise his right of purchase under the said option on or before August 11, 1922, that the said J. E. Levy did exercise his right under said option, and did purchase said property on February 1, 1922, and defendants did execute and deliver to plaintiff deed as mentioned in said option. It is further agreed that on April 21, 1921, the city of Demopolis did let a contract under what was known as Improvement Ordinance No. 1, and that under said contract that part of Washington street and Walnut street upon which the property conveyed by the defendants to the plaintiff abuts was to be paved, and that the costs of said paving was to be charged against said property and did, under section 1384, Code 1907, become a lien against said property after April 25, 1922; that said paving was actually done and completed upon said streets upon which said property abuts several months prior to the execution of the deed on February 1, 1922, by the defendants conveying said property to the plaintiff; that the paving done under said contract was accepted by the city of Demopolis on February 24, 1922; that the city of Demopolis fixed the amount of said assessment against said property on April 25, 1922, under a resolution adopted by the city council of Demopolis, on April 25, 1922. It is further agreed by the parties hereto that all notices of letting of said contract for said paving, and that all notices of the fixing of the assessment against said property were issued and directed to the said defendants in this cause; that the plaintiff never at any time received any notice whatsoever from the city of Demopolis in reference to the paving of the streets upon which said property abuts."

The better judgment prevailing in the general authorities is that, when the paving statute provides when the lien on the abutting property attaches, the cost of the improvement is not an incumbrance on the property until the time fixed by the statute. Long v. Barber Asphalt Paving Co., 151 Ky. 1, 151 S. W. 6, 9; Warfield v. Erdman (Ky.) 43 S. W. 708, 19 Ky. Law Rep. 1559. And this rule applies even though the improvement be actually made before the deed is delivered, but before the time the lien attaches as provided by the statute. Everett v. Marston, 186 Mo. 587, 85 S. W. 540; Bowers v. Narragansett Real Estate Co., 28 R. I. 365, 67 A. 521; Fisher v. Reading Realty Co., 228 Pa. 98, 77 A. 398; Robison v. Cato, 79 Ind. App. 530, 137 N. E. 569; First Church of Christ, Scientist, v. Cox, 47 Ind. App. 536, 94 N. E. 1048; Real Estate Corp. of New York City v. Harper, 174 N. Y. 123, 66 N. E. 660; Lathers v. Keogh, 109 N. Y. 583, 17 N. E. 131, affirming Id., 39 Hun (N. Y.) 576.

[2] The covenant against incumbrances is a covenant in præsenti; and, like the covenant of seizen, if broken at all, is broken as soon as the deed is executed and delivered, and is not dependent on subsequent facts. 4 Kent's Comm. 471; Brodie v. New England Mortg. Sec. Co., 166 Ala. 170, 51 So. 861; Horton v. Davis, 26 N. Y. 495; Lathers v. Keogh, supra. In Ex parte Helm, 209 Ala. 1, 95 So. 546, it was held that taxes accrued and unpaid on lands are incumbrances.

The effect and nature of the assessment lien on abutting property, as securing bonds issued and as to any deficiency for such purpose, were considered in Town of Capitol Heights v. Steiner, 211 Ala. 640, 101 So. 451, and it was held that the indebtedness of the municipality was not of the nature of a general debt regulated by the Constitution, but an "assessment" to "be fixed by the council" as a lien on property of abutting property owners; and compensation to contractors doing the paving or street improvement was the subject of Henderson v. City of Enterprise, 202 Ala. 277, 80 So. 115.

When, therefore, does the lien attach to the abutting property? It is provided by section 2199 (1384) of the Code of 1923:

"*Fixing Amount of Assessment Constitutes Liens; Superiority of Such Liens.*—At such

meeting or any adjourned meeting the council shall proceed by order or resolution to fix the amount of the assessment against each lot or tract of land described and included in said assessment roll, and all such assessments, from the date of such order or resolution, shall be and constitute a lien on the respective lots or parcels of land upon which they are levied, superior to all other liens, except those of the state or county for taxes."

The property was purchased by and through the option for its sale when not so improved. Its terms operated in futuro; the covenant in the last paper was in præsenti, and the latter covenant was appurtenant to and ran with the land. It is not just that the purchaser get the benefit of the improvement, unless he pays its value, either as a part of the purchase price to the vendor, or in the form of an assessment for an improvement tax to the city. Our statute, section 2199 of the Code of 1923, states in plain words that need no judicial interpretation that the lien for paving does not attach to property until the assessment order or resolution is passed by the council and the amount fixed. If there is no assessment, there is no lien and no incumbrance. This view is supported by the general authorities cited above. See, also, Cornelius v. Kromminga, 179 Iowa, 712, 161 N. W. 625; Etta Contracting Co. v. Bruning, 134 La. 48, 63 So. 619.

The cases in this jurisdiction define an incumbrance as conferring "upon its owner some interest in or right to some profit," dominion, or lawful use out of or over the land, and of necessity a burden upon the estate granted which diminishes the full measure of its enjoyment or renders it less useful or less salable. Brodie v. New England Mortg. Sec. Co., 166 Ala. 170, 51 So. 861; Tuskegee Land & Security Co. v. Birmingham Realty Co., 161 Ala. 542, 49 So. 378, 23 L. R. A. (N. S.) 992; Ex parte Helm, 209 Ala. 1, 95 So. 546.

The similarity of our municipal paving statutes with those of the state of Indiana was noted in the case of City of Birmingham v. Wills, 178 Ala. 198, 210, 59 So. 173, Ann. Cas. 1915B, 746, and the necessary statutory procedure to a lien against the respective abutting properties or lots is discussed, and the estoppel or res judicata against the owner of the property in the premises is by the confirmation of the assessment by the municipal body. City of Woodlawn v. Durham, 162 Ala. 565, 50 So. 356; Henderson v. City of Enterprise, 202 Ala. 277, 80 So. 115; Ex parte Gudenrath, in re City of Huntsville v. Gudenrath, 194 Ala. 568, 69 So. 629. The Wills Case, supra, is followed in Wilson v. City of Russellville, 209 Ala. 617, 96 So. 870; Town of Elba v. Cooper, 208 Ala. 149, 93 So. 853; Day v. City of Montgomery, 207 Ala. 644, 93 So. 609; Decatur Land Co. v. City of New Decatur, 198 Ala. 293, 73 So. 509.

In the case of Robison v. Cato, 79 Ind. App. 530, 531, 137 N. E. 569, 570, it is said:

"The estimated benefits stated in the report of the drainage commissioners became the tentative assessment against the land, and a lien thereon when the report was approved and confirmed by the court, and not until then. Sections 6144, 6146, Burns' Ann. St. 1914. The lien of the assessment, not having been in existence at the time of the conveyance, did not constitute a breach of the covenant of warranty in the deed executed by Cato. Furthermore, where land is conveyed when an improvement proceeding is pending, but which proceeding does not result in a lien until after the conveyance, the obligation to pay the assessment rests on the grantee. That rule rests on the theory that the benefits resulting from the improvement inure to the grantee. See Langsdale v. Nicklaus, 38 Ind. 289; Jones v. Schulmeyer, 39 Ind. 119; Carey v. Gundlefinger, 12 Ind. App. 645, 40 N. E. 1112; First Church, etc. v. Cox, 47 Ind. App. 536, 94 N. E. 1048; Kimberlin v. Templeton, 55 Ind. App. 155, 102 N. E. 160."

In the recent case of Dothan National Bank v. Hollis, 212 Ala. 628, 103 So. 589, the decision was predicated on the fact that Williams (Hollis claiming by purchase from Williams) was in possession of the land under an executory contract of purchase, holding thereunder in his own right; that the purchase price was made previous to the improvements; and that price was presumably fixed without regard to the benefits of the street improvements. It was held that the lien accrued under Williams and not the Dothan National Bank. Under the facts of the instant case the option was on the unimproved property; the deed was made subject to the terms of the option and its covenants as to warranty contained therein. Though the improvement ordinance was passed after the option, but before the option was exercised by the beneficiary therein, the deed was made before completion of the work and the acceptance of the contract improvements and before the assessment was made against the instant property after notice.

Appellee states this proposition:

"Had the city of Demopolis on February 1, 1922, several months after the paving abutting said property had been completed, obtained a legal and vested right to assess the cost of said paving against the property in an amount not to exceed the enhancement in value of said property by reason of said paving? If the city of Demopolis had at this time on, to wit, February 1, 1922, a vested and legal right to assess the cost of said paving against this property, then we maintain that on February 1, 1922, there was an incumbrance on said property, even though the exact amount of said incumbrance was not at that time known.

"It is admitted in the agreed statement of facts that the cost of said paving was to be charged against said property, so at the time of the execution of the deed on February 1, 1922, the grantors knew that there was an incum-

brance on said property in an amount not yet ascertained, and that the grantee would be powerless to escape from the payment of the assessment before the property would be free of this incumbrance."

The answer to this is that the deed was pursuant to the covenants of warranty contained in the option fixing the price of the property unimproved—a covenant against incumbrances done and suffered by the grantor therein. Under our statute (Code 1907, § 1384; Code 1923, § 2199) the assessment becomes a lien from the time of the order or resolution fixing the time of the assessment against each lot or tract of land described and included in said assessment roll, and all such assessments, from the date of such order or resolution, are declared to "be and constitute a lien on the respective lots or parcels of land upon which they are levied, superior to all other liens, except those of the state or county for taxes." Town of Capitol Heights v. Steiner, supra.

It is true there has been recognized to exist a distinction between an incumbrance and the lien by reason of the passage of an improvement ordinance on the one hand and the specific assessment or confirmation thereof as against the abutting property per benefit. Lafferty v. Milligan, 165 Pa. 534, 30 A. 1030. And in Green v. Tidball, 26 Wash. 338, 67 P. 84, 55 L. R. A. 879, 881, it is said:

"The liability of the property to assessment is not created by the placing of the assessment roll in the hands of the city treasurer, but from the fact that a benefit is conferred on the property by the improvement; and the time when the obligation therefor would naturally arise is when the benefit is conferred—*the completion of the improvement*. It would seem, then, as between grantor and grantee, in the absence of express legislation to the contrary, such a charge, if perfected, should be held to be an *incumbrance from that time*, and such, we think, is the general rule. The cases on this question are not uniform. New York especially has held that a tax or assessment is not an incumbrance, within the meaning of a covenant against them, until the amount thereof is ascertained or determined. Harper v. Dowdney, 113 N. Y. 644, 21 N. E. 63. However, we think the weight of authority, as well as the better reason, is the other way. See Cadmus v. Fagan, 47 N. J. L. 549, 4 Atl. 323; White v. Stretch, 22 N. J. Eq. 76; Campion v. Elizabeth, 41 N. J. L. 355; Blackie v. Hudson, 117 Mass. 181; Carr v. Dooley, 119 Mass. 294; Tibbetts v. Leeson, 148 Mass. 102, 18 N. E. 679; Peters v. Myers, 22 Wis. 602; Lafferty v. Milligan, 165 Pa. 534, 30 Atl. 1030; Barnhart v. Hughes, 46 Mo. App. 318." (Italics supplied.)

The foregoing will illustrate that there is a contrariety of opinion on the subject. However, under our statute and the executory contract or option to convey the land, running for a long term and antedating the improvement ordinance, the incumbrance and resulting benefit accrue and exist as a lien only when confirmed by order or resolution of the authorized agency provided by the Legislature. In the instant case this was when the ownership was with the plaintiff. The defendants have not breached the covenant contained in their contract to convey or option or that contained in their deed. The trial on agreed statement of facts presents the questions discussed. The judgment of the circuit court for plaintiff is erroneous, is hereby reversed, and judgment is rendered in favor of the defendants.

Reversed and rendered.

ANDERSON, C. J., and SOMERVILLE and BOULDIN, JJ., concur.